489 So.2d 112 (1986)
Richard CRUMLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BF-211.
District Court of Appeal of Florida, First District.
May 15, 1986.
*113 Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Crumley appeals his convictions and sentences for aggravated battery and battery of a law enforcement officer, contending that the trial court erred in adjudicating him guilty and in sentencing him for both crimes on double jeopardy grounds. We reverse.
The record shows that appellant, who is incarcerated in a state correctional institution, left his cell, came up behind the victim, a correctional officer at the prison, and hit him in the head several times with a table leg. He was subsequently found guilty of battery with a deadly weapon, battery on a law enforcement officer, and possession of a weapon in a state correctional institution. He was sentenced to concurrent terms of eight years on the counts for aggravated battery and battery of a law enforcement officer, and five years on the count for possession of a weapon by an inmate, this sentence to run consecutive to the previous sentences imposed.
Section 784.045(1)(b), Florida Statutes (1983), under which appellant was convicted defines aggravated battery as:
(1) A person commits aggravated battery who, in committing battery:
... .
(b) Uses a deadly weapon.
Section 784.07(2)(b), Florida Statutes (1983), which defines battery on a law enforcement officer under which appellant was also convicted states:
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
... .
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
Under the Blockburger test[1] battery of a law enforcement officer and aggravated battery each have an element not required to prove the other and therefore they constitute separate and distinct crimes. Accordingly, the state argues that under section 775.021(4), Florida Statutes (1983), (one who commits separate criminal offenses in one criminal transaction or episode shall be sentenced separately for each criminal offense), the appellant may be convicted and sentenced for these two crimes.
However, the Blockburger test is merely a tool of statutory construction which cannot contravene contrary legislative intent. Houser v. State, 474 So.2d 1193 (Fla. 1985). In Houser, the Supreme Court recognized that under the Blockburger test DWI manslaughter and vehicular homicide are separate offenses. However, citing decisions by the other district courts of appeal on this subject, the Supreme Court concluded that the legislature did not intend to punish a single homicide under two different statutes.
Similarly, we find that the legislature did not intend to punish aggravated battery and battery of a law enforcement officer separately where the victim in both is the same law enforcement officer and there is only one battery.
Prior to the enactment of section 784.07, battery of a law enforcement officer was covered by section 784.03 (defining battery), a misdemeanor statute. By the enactment of section 784.07, one who has battered a law enforcement officer may be *114 charged, at the prosecutor's discretion, with a felony under section 784.07 rather than only a misdemeanor under section 784.03. Soverino v. State, 356 So.2d 269 (Fla. 1978). In Soverino, the Supreme Court held that the prosecutor's discretion to charge under either section 784.07 (felony statute) or section 784.03 (misdemeanor statute) when a law enforcement officer is the victim of a battery does not constitute a constitutional infirmity. The language of the opinion indicates that the prosecutor may prosecute under either section 784.07 or section 784.03 but not both.
Further, we note with some interest the holdings that battery is a necessarily lesser included offense of aggravated battery, Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984), and that simple battery is a necessarily lesser included offense of battery of a law enforcement officer, Wimberly v. State, 476 So.2d 272 (Fla. 1st DCA 1985). Therefore, under section 775.021(4) one cannot be convicted of battery and aggravated battery based upon the same set of facts nor can one be convicted of battery and battery of a law enforcement officer under the same set of facts. See Baker v. State, 456 So.2d 419 (Fla. 1984), where the Supreme Court held that section 775.021(4), excluding lesser included offenses from its provisions, excludes only necessarily lesser included offenses.
We conclude that by enacting the enhancement statute, section 784.07, the legislature merely provided for a felony punishment when the victim of a battery is a law enforcement officer. If aggravated battery of a law enforcement officer is involved, then the defendant, of course, can be convicted of the aggravated battery, which affords a greater punishment than battery of a law enforcement officer. We find no legislative intent, however, to punish both aggravated battery and battery of a law enforcement officer when the two offenses arose out of the same battery, and involved the same victim.
The cause is reversed and remanded for proceedings consistent with this opinion. Upon remand, the trial court should take note of the fact that battery on a law enforcement officer is a third degree felony, the maximum sentence for which is five years.
WENTWORTH, J., concurs.
BOOTH, C.J., dissents with written opinion.
BOOTH, Chief Judge, dissenting:
The majority correctly points out that these two offenses are separate and distinct crimes but, nonetheless, concludes that the Legislature did not intend to punish for both aggravated battery and battery on a law enforcement officer if there was only one episode and one victim. I must disagree with that conclusion. The Legislature obviously intended to do exactly what was done here by enacting separate statutory provisions enhancing punishment for use of a deadly weapon [Section 784.045(1)(b), Florida Statutes] and for offenses against "law enforcement officers" [Section 784.07(2)(b), Florida Statutes]. See, Chapter 76-75, Laws of Florida, effective October 1, 1976. The majority view frees defendant of any sentence attributable to the fact that a law enforcement officer was the victim.
There is no double jeopardy here. Battery of a law enforcement officer is not a lesser included offense of battery with a deadly weapon. Defendant, who felled the officer with one blow of a table leg and then beat him while he was down, is plainly guilty of both offenses and should be sentenced accordingly. The decision in Houser v. State, 474 So.2d 1193 (Fla. 1985), is not to the contrary. In that case, the court recognized a long-standing principle of public policy in homicide cases (474 So.2d at 1197): "Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes." That principle does not extend to other crimes however. In State v. Carpenter, 417 So.2d 986 (Fla. 1982), the Florida Supreme Court upheld separate sentences for battery on a law enforcement officer and resisting arrest with force. In *115 that case, as here, there was one "episode" and one victim of both offenses. In Carpenter, supra, the court stated the rule as follows (417 So.2d at 987-988):
A single transaction can give rise to distinct offenses under separate statutes without violating the double jeopardy clause of the fifth amendment. .. . In Albernaz v. United States the Court recognized that the power to define criminal offenses and to prescribe punishments to be imposed upon those found guilty of them rests wholly with the legislative branch.
While resisting arrest with violence and battery on a law enforcement officer are similar offenses, and while they usually happen in conjunction with one another, one does not necessarily involve the other. Under section 843.01, Florida Statutes (1979), one could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement officer as proscribed in section 784.07, Florida Statutes (1979). In applying the Blockburger test the courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or the facts as alleged in a particular information. See Whalen v. United States, 445 U.S. 684, 685 n. 8, 100 S.Ct. 1432, 1439 n. 8, 63 L.Ed.2d 715 (1980).
I respectfully dissent and would hold that the trial court can sentence defendant for both offenses.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).