512 So.2d 183 (1987)
STATE of Florida, Petitioner,
v.
Richard CRUMLEY, Respondent.
No. 68810.
Supreme Court of Florida.
September 3, 1987.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, and Paula S. Saunders, *184 Asst. Public Defender, Tallahassee, for respondent.
BARKETT, Justice.
We accepted jurisdiction of this case because of apparent conflict between the case below, Crumley v. State, 489 So.2d 112 (Fla. 1st DCA 1986), and State v. Carpenter, 417 So.2d 986 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Based upon the rationale in Carawan v. State, 515 So.2d 161 (Fla. 1987), we find that the order of the court below is not inconsistent with our holding in Carpenter. We approve.
The issue is whether a defendant can be separately convicted and sentenced for the offenses of aggravated battery and battery on a law enforcement officer when both are predicated on a single underlying act.[1]
The evidence at trial established that on September 14, 1984, Correctional Officer Kenneth Phillips was making a routine building inspection in a cell in which respondent resided. Phillips told respondent to clean up his cell and left. As Phillips was walking up the stairs to the upper tier, respondent struck him on the back of the head with a wooden table leg.
Respondent was found guilty of aggravated battery and battery on a law enforcement officer. The trial court entered judgments of guilt on both counts and imposed sentences of eight years for each offense to run consecutively. On appeal, the First District reversed the separate judgments and sentences for the two offenses, holding that legislative intent precluded punishment for both aggravated battery and battery of a law enforcement officer "when the two offenses arose out of the same battery, and involved the same victim." 489 So.2d at 114.
The state argues that under the Blockburger analysis[2] and section 784.045(1)(b), Florida Statutes (1983), aggravated battery and battery on a law enforcement officer are separate offenses, since each requires proof of a statutory element that the other does not. Thus, the state argues that, under Rotenberry v. State, 468 So.2d 971 (Fla. 1985), and State v. Carpenter, 417 So.2d 986 (Fla. 1982), the First District erred and the two judgments and convictions were appropriate. We agree that the two crimes charged in the present case each contain an element the other does not. However, we reject petitioner's argument that this fact compels us to quash the district court's order, since we find a reasonable basis for concluding that the legislature did not intend separate punishments.
As is more fully elaborated in Carawan, the Blockburger test is a rule of statutory construction that may not be used to defeat legislative intent. Blockburger's sole purpose is to assist in determining legislative intent when that intent is unclear. Thus, in Carawan we recognized that "[i]t would be absurd indeed to apply Blockburger ... in a way that actually defeats what reason and logic dictate to be the intent." 515 So.2d at 167. Where there is any reasonable basis for concluding that multiple punishments were not intended, the rule of lenity in section 775.021(1), Florida Statutes (1983),[3] forbids the courts from presuming that multiple punishments are authorized. In Carawan we found that such a conclusion could be drawn from the fact that two crimes address the same evil, as where both *185 constitute aggravated versions of a single underlying offense.[4]
Such is the case before us. Plainly, aggravated battery and battery on a law enforcement officer are only aggravated versions of simple battery. We find that the most reasonable conclusion is that the legislature only intended to provide an aggravated penalty for a battery accompanied by certain other factors, and not to impose multiple punishments where more than one aggravating factor happened to accompany a single criminal act. Based on the analytic framework in Carawan, we must find that a reasonable basis exists to conclude that the legislature did not intend separate punishments and that the rule of lenity therefore forbids them. The First District correctly reversed the sentence imposed by the trial court.
We distinguish the present case from our holding in Carpenter. As noted in Carawan, our decision in Carpenter upheld separate sentences for battery on a law enforcement officer and resisting arrest with violence because
they address essentially separate evils. One is designed to ensure that those suspected of crime submit to lawful authority, while the other is designed to provide special protection to law enforcement officers in fulfilling all of their duties.
515 So.2d at 169. Unlike in the present case, the crimes charged in Carpenter were not mere aggravated versions of a single underlying offense, since resisting arrest with violence can be accomplished without committing a battery. See 417 So.2d at 988. Thus, looking only to the face of the statute, the two crimes in Carpenter did not share any common elements, a fact that tends to show they address separate evils and that separate punishments were authorized. We therefore find that Carpenter does not control the facts of this case.
Based on the analytic framework in Carawan, which is controlling, we therefore approve the order of the district court. On remand, the trial court will conduct proceedings consistent with our holding here and in Carawan.
It is so ordered.
OVERTON, EHRLICH, GRIMES and KOGAN, JJ., concur.
SHAW, J., dissents with an opinion.
McDONALD, C.J., dissents.
SHAW, Justice, dissenting.
I dissent for the reasons set forth in my dissenting opinion in Carawan v. State, 515 So.2d 161 (Fla. 1987).
NOTES
[1] As we stated in Carawan, an act is a discrete event arising from a single criminal intent. We distinguish "act" from "transaction," the latter being a series of related acts. Our decisions here and in Carawan are limited exclusively to multiple punishments arising from a single act.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Blockburger rule has been codified in section 775.021(4), Florida Statutes (1983).
[3] Section 775.021(1) provides:

The provisions of this [criminal] code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
This principle extends to the penalties prescribed by penal statutes. See Albernaz v. United States, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981) (describing federal rule of lenity).
[4] It is possible that two crimes address the same evil without also constituting aggravated versions of a single underlying offense. See Carawan.