DANAHY, Chief Judge.
After trial by jury, the appellant was convicted of aggravated battery and battery on a law enforcement officer. The trial court departed from the presumptive range and sentenced the appellant to five-year concurrent sentences for the two counts based on State v. Baker, 483 So.2d 423 (Fla.1986) (police officers are a special class of crime victims justifying departure in those cases). The appellant raises three *979 issues. We find error only in the third, the sentencing issue, and reverse.
The appellant was found guilty of stabbing a policeman once in the back during a fight which the officer was trying to break up. Thus, the two convictions of aggravated battery and battery on a law enforcement officer were based on a single act. State v. Crumley, 512 So.2d 183 (Fla.1987) is directly on point and controlling. Crum-ley held that a person cannot be convicted of and punished for both aggravated battery and battery on a law enforcement officer when those two convictions are based on a single underlying criminal act. This is so, our supreme court stated, because the two crimes are only “aggravated versions of simple battery.” Id. at 185. Therefore, applying the analysis of Carawan v. State, 515 So.2d 161 (Fla.1987), the court concluded that the “legislature did not intend separate punishments [for these two crimes] and that the rule of lenity therefore forbids them.” Crumley, 512 So.2d at 185. Consequently, the appellant Garza cannot also be so convicted and punished. Because that is so, we must vacate his conviction for battery on a law enforcement officer, the crime of lesser degree.
Concerning the departure sentence, the appellant concedes that Baker establishes a valid departure reason when a law enforcement officer is the victim of a battery. We must, nevertheless, remand this case to the trial court for resentencing. On remand, once an accurate scoresheet is recalculated in this case, the trial court may sentence the appellant for aggravated battery in the light of Baker. “Without knowing the presumptive sentence under the guidelines, the court is without sufficient information to decide whether to depart from the guidelines. See Parker v. State, 478 So.2d 823 (Fla.2d DCA 1985); see also Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).” Bass v. State, 496 So.2d 880, 882 (Fla. 2d DCA 1986).
The appellant’s conviction for aggravated battery is affirmed. His conviction for battery on a law enforcement officer is vacated. The sentences are vacated and the case is remanded for resentencing in accord with this opinion.
LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.