520 So.2d 668 (1988)
Thomas Ray McDONALD, Appellant,
v.
STATE of Florida, Appellee.
No. BS-492.
District Court of Appeal of Florida, First District.
February 24, 1988.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of appellant's jury conviction for aggravated battery with a firearm. The crime occurred after appellant hit a car in a bar parking lot in Crestview, Florida. While appellant was arguing with the owner about the damage, the victim verbally intervened. So, appellant shot him. The bullet passed through the victim's right middle finger and lodged in his lower-right stomach. The victim bled profusely and was hospitalized. The bullet was not removed for fear of doing more damage. The sole *669 issue on appeal is that the trial court erred when, in calculating appellant's guidelines scoresheet, it assessed 36 points for severe injury. Appellant believes he should have received only 24 points for moderate injury. Appellant was sentenced under the guidelines to five and a half years' imprisonment.
In Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985), our sister court dealt with a similar situation. We quote:
Lastly, the appellant contends that the scoring of victim injury as a severe injury was in error. Scoring of victim injury is within the discretion of the trial court judge. See Fla.R.Crim.P. 3.701(d)(7). The trial court had before it the information that the victim was shot directly in the left portion of the chest by a shotgun at extremely close range. Medical bills were over $5,000. Given these facts, the trial court did not abuse its discretion.
While, conceivably, the victim of a shooting might receive less than a severe injury, such is not the case here, and the trial court did not abuse its discretion in scoring the injury as "severe."
AFFIRMED.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.