525 So.2d 1031 (1988)
Darron MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1454.
District Court of Appeal of Florida, Second District.
June 3, 1988.
*1032 James Marion Moorman, Public Defender, and Laura Griffin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alan L. Overton, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The defendant, Darron Moore, challenges a final order adjudicating him guilty of attempted armed robbery, aggravated assault, assault on a law enforcement officer, and resisting arrest without force and sentencing him to two and one-half years in state prison followed by two and one-half years of probation. We reverse in part, and we remand.
The defendant first argues that the trial court erred in adjudicating him guilty and in sentencing him for the separate offenses of aggravated assault and assault on a law enforcement officer when both offenses were predicated on a single underlying act. In support of his position, he cites State v. Crumley, 512 So.2d 183 (Fla. 1987). The court in Crumley held that a defendant cannot be separately convicted and sentenced for the offenses of aggravated battery and battery on a law enforcement officer when both are predicated on a single underlying act. See also Carawan v. State, 515 So.2d 161 (Fla. 1987). Here, the offenses of aggravated assault and assault on a law enforcement officer were based on the defendant swinging a wooden stick at a law enforcement officer. Thus, the evidence presented established only one single underlying act for both offenses. We think Crumley controls, and therefore, the trial court erred in adjudicating the defendant guilty and sentencing him for both offenses.
Second, the defendant contends that the trial court erred in imposing court costs of $251.50 as a condition of probation when its oral pronouncement included no statutory authority for the assessment. We agree, and we direct that this assessment be stricken without prejudice to the reimposition of costs after proper statutory notice to the defendant. See Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), petition for review denied, 515 So.2d 229 (Fla. 1987).
Third, the defendant complains that the trial court erred in failing to file a separate order of probation for each offense. A general order of probation predicated upon more than one conviction of criminal conduct is improper. Cervantes v. State, 442 So.2d 176 (Fla. 1983); Coleman v. State, 496 So.2d 896 (Fla. 2d DCA 1986). Therefore, on remand the trial court should enter separate orders of probation. Cervantes, 442 So.2d at 177.
Finally, the defendant correctly points out that the trial judge orally stated he would not impose the public defender lien as a condition of probation and that the defendant would have three years to satisfy the lien. Nevertheless, in his written judgment and sentencing order, the judge imposed a lien of $355 for court-appointed services as a condition of probation. The provision that this could be paid in three years was not mentioned. Further, the defendant calls to our attention the fact that the amount of $355 in the written *1033 judgment exceeded the amount announced at the hearing by $5.
As the state correctly points out, the order of probation entered by the trial judge does not list as a condition of probation the public defender's lien. However, to avoid any possible problems with the defendant's probation on remand the trial court should correct the judgment and sentencing order so that it does not reflect the public defender lien as a condition of probation. The amount of the lien should be corrected to $350, and it should be noted that the defendant has three years to pay the amount of the lien.
Accordingly, we affirm the defendant's convictions and sentences for attempted armed robbery, aggravated assault, and resisting arrest without force. We reverse the judgment and sentence for assault on a law enforcement officer and the imposition of the court costs. We remand and direct the trial court to make corrections consistent with this opinion.
HALL, J., concurs.
DANAHY, C.J., specially concurs.
DANAHY, Chief Judge, concurring specially.
I write concerning the costs issue, to repeat my belief that this court should not review a nonfundamental error of a trial judge which the trial judge could easily have corrected if the matter had been brought to his attention by a timely objection. In Barker v. State, 518 So.2d 450 (Fla. 2d DCA 1988), we explained that this was the reasoning why we earlier held in Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987), that this court would not review the failure of a trial judge to observe the Jenkins procedural requirements when the trial judge announces the imposition of costs at the sentencing hearing and no objection is made on Jenkins grounds.
The same reasoning applies to the trial judge's failure to state statutory authority when imposing costs at sentencing. That omission could be easily corrected if brought to the trial judge's attention. Appealing to this court to obtain that result is a waste of judicial time and effort. The issue should be considered waived in the absence of a timely objection.
However, I am aware that this court has held to the contrary in Brown v. State, cited in the majority opinion, and in other decisions of this court. I respect those precedents and for that reason I concur in the majority opinion.