BOOTH, Judge.
This cause is before us on appeal from a judgment of conviction and sentences for aggravated battery, battery on a law enforcement officer, and resisting arrest with violence.[1] On appeal, appellant contends: (1) that the court erred in adjudicating him guilty and sentencing him for aggravated battery and battery on a law enforcement officer; and (2) that the court erred in its scoring of victim injury, resulting in an improper sentence.
The facts are that Officer Ron Rice stopped appellant for careless driving and administered a field sobriety test. After appellant failed the sobriety test, Rice transported him to the county jail and administered breath tests. The first two readings were .06 and .09 over the legal limit. When Rice informed appellant that he was being charged with driving under the influence of alcoholic beverages, appellant became belligerent. Appellant tried to hit Rice, who blocked the first punch with his arm.
Deputy Danny McLeod was in an adjoining office and rushed to assist Rice by catching appellant’s right hand, swinging him around, and telling him to calm down. Appellant dove on top of McLeod, and the two men fell onto the cement floor. Appellant was able to get up and stomp the inside of McLeod’s right leg just above the ankle. Appellant was wearing cowboy boots. McLeod felt his leg snap. Appellant continued hitting and choking McLeod, *587 and was able to stomp on the same leg again. This time McLeod felt the leg snap and the bone come through the skin. Rice and other officers were able to pull appellant off of McLeod, and to restrain him temporarily. However, appellant “shook away from them, broke free of them, and dove on top of [McLeod] for a second time.” After diving on top of McLeod for the second time, appellant tried to stick his fingers into McLeod’s eyes and gouge them out. McLeod was able to break his hold and prevent serious damage to his eyes.
As to McLeod, the jury found appellant guilty of aggravated battery (Count II) and battery on a law enforcement officer (Count III). The trial court sentenced appellant to two and one-half years on each count, the sentences to run concurrently. The recommended sentencing guidelines range was two and one-half to three and one-half years’ incarceration. The trial court scored victim injury in the “death or severe” category, which resulted in 36 of the 162-point total.
Appellant argues that this case is controlled by Crumley v. State, 512 So.2d 183 (Fla.1987), affirming 489 So.2d 112 (Fla. 1st DCA 1986). That case holds that a defendant cannot be punished for both aggravated battery and battery of a law enforcement officer when both offenses arose out of the same act against the same victim. Appellant contends that:
[B]attery on a law enforcement officer is ... a lesser included of the aggravated battery, and ... it is grossly unfair to stick battery charges against Appellant when they all resulted from a single episode, (emphasis added)
Thus, appellant, though relying on Crum-ley, does not contend that the facts of this case show a single act against the same victim, a requirement for application of the Crumley rule.
In Crumley, the single act was the striking of the officer in the head with a table leg, as described by the Florida Supreme Court (512 So.2d at 184):
The evidence at trial established that on September 14,1984, Correctional Officer Kenneth Phillips was making a routine building inspection in a cell in which respondent resided. Phillips told respondent to clean up his cell and left. As Phillips was walking up the stairs to the upper tier, respondent struck him on the back of the head with a wooden table leg.
The Florida Supreme Court in Crumley distinguished an “act” from a “transaction,” stating that an act is a discrete event arising from a single criminal intent, whereas a “transaction” is a related series of acts, viz (512 So.2d at 184, at n. 1):
As we stated in Carawan,[2] an act is a discrete event arising from a single criminal intent. We distinguish “act” from “transaction,” the latter being a series of related acts. Our decisions here and in Carawan are limited exclusively to multiple punishments arising from a single act. (emphasis added)
Section 775.021(4), Florida Statutes (1987), provides:
Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense ... For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not.
The instant case involves a series of related acts committed in the course of a criminal transaction or episode as defined in Carawan v. State, 515 So.2d 161 (Fla.1987), at footnote 8, and Crumley, supra, see footnote 1. Here, appellant repeatedly stomped McLeod’s leg until he broke both *588 the victim’s fibula and tibia. After being pulled away and restrained, he managed to break free and dove on McLeod again, in a second, less severe attack in which he tried to gouge out McLeod’s eyes.
The first attack, aggravated battery, a felony of the second degree, is punishable pursuant to Section 784.045(l)(a), Florida Statutes. His second attack, battery of a law enforcement officer, a third-degree felony, is defined in Sections 784.03 and 784.-07, Florida Statutes. The jury properly found appellant guilty of the two separate offenses.
We find no merit in appellant’s argument that the trial court abused its discretion in scoring victim injury as severe. Fla.R.Crim.P. 3.701(d)(7); McDonald v. State, 520 So.2d 668 (Fla. 1st DCA 1988); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). In the instant case, the paramedic who transported McLeod testified that McLeod was in great pain and that the leg was deformed with a bone protruding. The injury was as severe as that received in a major traffic accident or fall from a considerable height. McLeod was treated for a compound fracture, his leg was set in a hip-to-toe cast, and he was in the hospital for almost a week. After eight to nine weeks, the bone had not recal-cified, and his foot was 28 degrees out of alignment. The doctor removed the cast, rebroke the leg, and reset it in a cast starting at the knee. At the time of the trial, some three months later, McLeod was still in a cast and expected to be off his feet and in a cast for at least another three months, with the possibility of a pin in the leg further extending recovery time. The leg is still 12 to 14 degrees out of alignment. The trial court correctly found that great bodily harm had been inflicted and scored victim injury as severe.
Appellant’s convictions and sentences are AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.

. No issue is made on appeal of the conviction for resisting arrest with violence. We also do not address the question of whether under the facts, there were more than two batteries committed against McLeod.

. Carawan v. State, 515 So.2d 161, 170 (Fla.1987):
Although there is some question as to the number of shots that actually struck Knight-en, we find that the record does not establish beyond a reasonable doubt that he was struck by more than one [shotgun] blast. Thus we must conclude that both offenses in question [attempted manslaughter and aggravated battery] are predicated on one single underlying act. (emphasis added)
515 So.2d at 170, n. 8:
We emphasize that our holding applies only to separate punishments arising from one act, not one transaction. An act is a discrete event arising from a single criminal intent, whereas a transaction is a related series of acts.