675 So.2d 989 (1996)
Keith FREDERICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1024.
District Court of Appeal of Florida, First District.
June 11, 1996.
Nancy Daniels, Public Defender; Steven A. Been, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; William J. Bakstran, Assistant Attorney General, for Appellee.
PER CURIAM.
This is an appeal from a judgment of conviction, after a jury trial, of the offense of *990 attempted aggravated assault on a law enforcement officer. The issues presented are: 1) whether the offense of which appellant was convicted is a valid offense under the law of Florida; and 2) whether the trial court erred in admitting testimony by police officers of their training and practice concerning their defense against knife-wielding suspects. We find that reversal is required as to the first issue.
Appellant was charged in a two-count information with the offense of aggravated assault on a law enforcement officer, and the offense of battery. Both offenses arose out of an occurrence in which police responded to a "911" telephone call involving a domestic disturbance in which appellant allegedly committed a battery against his spouse. Upon arriving at the scene, an incident occurred in which appellant allegedly raised a knife, faced one of the officers, and took a step toward him. All three officers present drew their firearms, but appellant was then abruptly tackled and physically subdued by one of the officers without any shots being fired. Over a defense objection, the state was allowed to present testimony from all three officers concerning their training in confronting a person wielding a knife. The substance of the testimony had to do with the recommended response by an officer when the knife-wielder is at a distance of 21 feet or less from the officer. Because of the danger presented from a possible assailant at this distance, officers are apparently taught to respond with deadly force. The state argues that this evidence was relevant to prove an element of the offense charged, namely, that the officer assaulted by appellant had a well-founded fear of imminent violence. We are of the view that the question of relevancy of such evidence, while somewhat tenuous under these facts, was a matter for determination by the trial judge, and we find no abuse of discretion in the admissibility of this testimony.
Conviction of a non-existent crime is fundamental error mandating reversal even when the error was invited by the defendant, as was the case here, by request for a jury instruction on a non-existent offense. Achin v. State, 436 So.2d 30 (Fla.1982). We agree with appellant's argument in the case before us that the offense of attempted aggravated assault on a law enforcement officer does not exist. Section 784.07, Florida Statutes (1993) reclassifies certain enumerated offenses and enhances the penalties for those offenses when the victim is a law enforcement officer. By its terms, the statute does not reclassify or enhance the penalty for the offense of attempted commission of the enumerated offenses. As explained by this court in Crumley v. State, 489 So.2d 112, 114 (Fla. 1st DCA 1986), approved, State v. Crumley, 512 So.2d 183 (Fla.1987), "by enacting the enhancement statute, section 784.07, the legislature merely provided for a felony punishment when the victim [of one of the enumerated offenses] ... is a law enforcement officer." Thus, because the statute does not include the offense of attempted aggravated assault among the enumerated offenses to be enhanced when the victim is a law enforcement officer, the offense of attempted aggravated assault on a law enforcement officer is a non-existent offense.
We next consider the relief to which appellant may be entitled by reason of his conviction of a non-existent offense. In State v. Sykes, 434 So.2d 325 (Fla.1983), the defendant was convicted of attempted second-degree grand theft. The Supreme Court held that there is no such offense as attempted second degree grand theft, because the definition of grand theft, under section 812.014, Florida Statutes, includes an attempt to commit theft; and because the offense itself is fully proved by proving such attempt, there is no separate crime of attempt. In reversing the conviction, the court stated:
[I]t is a fundamental matter of due process that the state may only punish one who has committed an offense; and an "offense" is an act clearly prohibited by the lawful authority of the state, providing notice through published laws. (citations omitted). Only by legislative authority may a criminal offense be defined. (citations omitted). The lack of objection to the instruction could not constitute a waiver of this fundamental defect.
434 So.2d at 328. The Sykes court found, nevertheless, that the defendant was not entitled *991 to be discharged, but rather, should be granted a new trial. Id.
Similarly, the appellant in the case before us is not entitled to discharge, but instead, must be granted a new trial. See Reid v. State, 656 So.2d 191 (Fla. 1st DCA 1995). However, unlike the situation presented in Sykes, in which no double jeopardy was presented by a re-trial for grand theft, we find that appellant cannot be retried on the principal charge, aggravated assault of a law enforcement officer. The jury verdict in the case before us amounted to an acquittal of the principal charge. Appellant has not been acquitted of the offense of attempted aggravated assault, which, as argued by the state, is an offense under Florida Statutes. See Hall v. State, 354 So.2d 914 (Fla. 2d DCA 1978). We hold that the appropriate remedy, therefore, is a new trial on the offense of attempted aggravated assault.
REVERSED and REMANDED for new trial in accordance with the foregoing opinion and decision.
MINER and MICKLE, JJ., and SMITH, Senior Judge, concur.