HARRIS, Judge.
When a officer attempted to arrest Christopher Merritt for striking a woman, Merritt kicked at the officer without making contact. He challenges his conviction for attempted battery on a law enforcement officer, claiming that the offense does not exist. For this proposition, Merritt relies on Fredericks v. State, 675 So.2d 989, 990 (Fla. 1st DCA 1996), in which the court stated:
Section 784.07, Florida Statutes (1993) reclassifies certain enumerated offenses and enhances the penalties for those offenses when the victim is a law enforcement officer. By its terms, the statute does not reclassify or enhance the penalty for the offense of attempted commission of the enumerated offenses. As explained by this court in Crumley v. State, 489 So.2d 112, 114 (Fla. 1st DCA 1986) ... “by enacting the enhancement statute, section 784.07, the legislature merely provided for a felony punishment when the victim [of one of the enumerated offenses] ... is a law enforcement officer.” Thus, because the statute does not include the offense of attempted aggravated assault among the enumerated offenses to be enhanced when the victim is a law enforcement officer, the offense of attempted aggravated assault of a law enforcement officer is a non-existent offense.
We do not agree that the Legislature’s action in enhancing the penalty for either an assault or a battery if committed on a law enforcement officer somehow does away with the offense of attempted assault or battery on a law enforcement officer. Because there is an offense of “battery on a law enforcement officer,” we can see no logical reason why the general attempt statute (section 777.04) does not apply to that offense. Clearly, Merritt’s errant kick meets the criteria of section 777.04(1). He was “[a] person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the peipetration or is intercepted or prevented in the execution thereof....” He therefore committed the offense of criminal attempt.
*63 We certify conflict with Fredericks but affirm.
AFFIRMED.
PETERSON, C.J., and THOMPSON, J., concur.