W. SHARP, Judge.
Brulfer appeals his convictions for two counts of attempted aggravated assault against a law enforcement officer. He had been originally charged with aggravated assault on a law enforcement officer,[1] and the trial judge concluded that the attempt offenses were lesser included offenses encompassed in the assault charges. We affirm. Merritt v. State, 691 So.2d 62 (Fla. 5th DCA 1997), rev. granted, 699 So.2d 1374 (Fla.1997). We acknowledge a conflict with Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996).
Brulfer also argues that the trial judge erred in giving the jury an additional instruction concerning his defense of voluntary intoxication after closing arguments had been made. The trial judge did so because he expressly stated (outside the presence of the jury) that he thought defense counsel had misstated the voluntary intoxication defense in closing argument. He thus determined he should give a “curative instruction” to the jury and he did so.
After reading the jury instructions with respect to all of the offenses charged, the judge then read the following instruction for voluntary intoxication:
The use of alcohol to the extent that it merely arouses passion, diminishes perception, releases inhibitions, or clouds reason and judgment does not excuse the commission of a criminal act.
However, where a certain mental state is an essential element of a crime, if a person were so intoxicated that he was incapable of forming that mental state, the mental state would not exist and therefore the crime could not be committed.
As I have told you, the intent to commit aggravated assault on a law enforcement officer is an essential element of the crime of aggravated assault on a law enforcement officer, attempted aggravated assault on a law enforcement officer and assault.
Therefore, if you find from the evidence that the defendant was so intoxicated from the voluntary use of alcohol as to be incapable of forming an intent to commit aggravated assault on a law enforcement officer, or you have a reasonable doubt about it, you should find* the defendant not guilty of the crime of aggravated assault on a law enforcement officer.
The charge of driving under the influence does not necessarily act as an absolute defense to crimes requiring specific defense [sic].
We find no error here. The trial judge’s additional instructions appear to ac *199 curately summarize the applicable law. The need for the additional instruction, based on the record in this ease, was perhaps debatable. However, the judge who presided over this trial and witnessed the argument of counsel and the reactions of the jurors, is in a far better position to make that judgment call than are we, as the appellate review panel. We cannot say he breached his discretion in giving this curative instruction. See Williams v. State, 674 So.2d 155 (Fla. 4th DCA 1996); Cedno v. State, 545 So.2d 495 (Fla. 3d DCA 1989).
AFFIRMED.
DAUKSCH, J., and SCHEB, J. M„ Senior Judge, concur.

. § 784.021, 784.07(2)(c), Fla. Stat. (1995).