712 So.2d 384 (1998)
Christopher MERRITT, Petitioner,
v.
STATE of Florida, Respondent.
No. 90557.
Supreme Court of Florida.
May 28, 1998.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Respondent.
WELLS, Justice.
We have for review Merritt v. State, 691 So.2d 62 (Fla. 5th DCA 1997), which certified conflict with Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision of the Fifth District Court of Appeal in this case and approve the decision of the First District Court of Appeal in Fredericks.
Christopher Merritt kicked at a police officer without making contact after the officer attempted to arrest Merritt for striking a woman. Merritt was charged with and convicted of, inter alia, attempted battery of a law enforcement officer.[1] The trial court denied Merritt's motion for a new trial, which was based on the ground that attempted battery of a law enforcement officer is a nonexistent felony.
On appeal, Merritt argued that the offense of attempted battery of a law enforcement officer does not exist. The Fifth District affirmed the conviction, reasoning that the general attempt statute, section 777.04, Florida Statutes (1995), applies to the offense of battery of a law enforcement officer. Merritt. The Fifth District certified conflict with the decision of the First District in Fredericks.
In Fredericks, the appellant was charged with aggravated assault of a law enforcement officer under section 784.07(2)(c), Florida Statutes (1995), after he raised a knife and took a step toward an officer who had responded to a 911 call involving a domestic disturbance. Fredericks, 675 So.2d at 990. The appellant was convicted of the lesser *385 offense of attempted aggravated assault of a law enforcement officer. Id. at 989-90. The First District reversed and remanded for a new trial, holding that section 784.07(2), Florida Statutes (1995), which enhances the penalty for aggravated assault when it is inflicted on a law enforcement officer, does not specify an offense labeled attempted aggravated assault of a law enforcement officer, and therefore, the offense does not exist. Id. at 990.
Merritt argues here that the First District's reasoning in Fredericks applies to this case, and thus we should find that the absence of the offense of attempted battery of a law enforcement officer from the language of section 784.07(2) indicates that the offense does not exist. We agree that section 784.07(2), Florida Statutes (1995), does not include the offenses of attempted battery or attempted aggravated assault. Thus, neither attempted battery nor attempted aggravated assault can be reclassified based upon section 784.07(2).
Section 784.07, Florida Statutes (1995), is an enhancement statute rather than a statute creating and defining any criminal offense. The plain language of the statute indicates that the legislature enacted section 784.07 in order to increase the penalties for the enumerated crimes of assault, aggravated assault, battery, and aggravated battery for offenders who commit these crimes upon law enforcement officers. At the time the enhancement statute was enacted, the legislature had created the four enumerated offenses in other statutory provisions.[2] The enhancement statute contains no enhancement or reclassification of penalties for the offense of attempted commission of the enumerated offenses; therefore, attempted assault and attempted battery as well as attempted aggravated assault and battery of a law enforcement officer are nonexistent offenses. See Fredericks, 675 So.2d at 990. This conclusion is in accord with our decision in State v. Crumley, 512 So.2d 183 (Fla.1987). In Crumley, we approved in a double-jeopardy context the First District's construction of section 784.07 that "by enacting the enhancement statute, section 784.07, the legislature merely provided for a felony punishment when the victim [of one of the enumerated offenses] is a law enforcement officer." Crumley v. State, 489 So.2d 112, 114 (Fla. 1st DCA 1986).
Accordingly, we quash Merritt and approve Fredericks to the extent that it is consistent with this opinion. In this case, Merritt was convicted of violating section 777.04, Florida Statutes (1995) (attempt), and section 784.03(1), Florida Statutes (1995) (battery). Therefore, we remand with directions that Merritt be resentenced for the offense of attempted battery without felony reclassification based upon section 784.07(2)(b), Florida Statutes (1995) (battery of a law enforcement officer).
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Merritt was convicted pursuant to: section 777.04, Florida Statutes (1995), which defines the offense of attempt as attempting "to commit an offense prohibited by law"; section 784.03(1), Florida Statutes (1995), which provides that the offense of battery occurs when a person "(a) Actually and intentionally touches or strikes another person against the will of the other; or (b) Intentionally causes bodily harm to an individual"; and section 784.07(2), Florida Statutes (1995), which provides in relevant part:

Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... while the officer... is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
....
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
[2] Section 784.011(1), Florida Statutes (1995), defines assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

Section 784.021(1), Florida Statutes (1995), defines aggravated assault as an assault "(a) With a deadly weapon without intent to kill; or (b) With an intent to commit a felony."
Section 784.03(1), Florida Statutes (1995), provides that "A person commits battery if he: (a) Actually and intentionally touches or strikes another person against the will of the other; or (b) Intentionally causes bodily harm to an individual."
Section 784.045(1)(a), Florida Statutes (1995), provides: "A person commits aggravated battery who, in committing battery: 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or 2. Uses a deadly weapon."