714 So.2d 1198 (1998)
Precious MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2754.
District Court of Appeal of Florida, Fourth District.
August 5, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
STEVENSON, Judge.
Appellant, Precious Mills, appeals her judgments of conviction and two five-year consecutive sentences for attempted aggravated assault on a law enforcement officer and forgery of a credit card receipt. We reverse the conviction for attempted aggravated assault on a law enforcement officer, and remand so that the sentencing scoresheet may be recalculated and Mills resentenced *1199 for the crime of attempted aggravated assault. See Merritt v. State, 712 So.2d 384 (Fla.1998)("The enhancement statute [section 784.07] contains no enhancement or reclassification of penalties for the offense of attempted commission of the enumerated offenses; therefore, attempted assault and attempted battery as well as attempted aggravated assault and battery of a law enforcement officer are nonexistent offenses.").
We also reverse the departure sentence imposed for count II, forgery of a credit card receipt, as the stated ground for departureMills' attempt to avoid arrest cannot serve as a valid reason for departure on that count under the facts of this case. The guidelines in effect at the time that Mills committed the offenses relevant to this appeal allow for departure where "[t]he offense was committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the offense, or to effect an escape from custody." § 921.0016(3)(o), Fla. Stat. (1995). Because the attempted aggravated assault was committed in Mills' effort to escape or elude Officer Caridad following her forgery of the credit card receipt, section 921.0016(3)(o) properly applies to count I. However, it is clear that the forgery of the credit card receipt was not committed in an attempt to avoid arrest or prosecution.
Lastly, we affirm as to Mills' contention that it was error for her trial counsel to practically concede guilt to the forgery of a credit card receipt offense without her record consent; however, this affirmance is without prejudice to Mills' right to raise an ineffective assistance of counsel claim pursuant to a rule 3.850 motion. See Geddis v. State, 23 Fla. L. Weekly D1537 (Fla. 4th DCA June 24, 1998). We have examined the other issues raised by Mills and find no error.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
FARMER and GROSS, JJ., concur.