719 So.2d 11 (1998)
Larry Carl ELY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03858.
District Court of Appeal of Florida, Second District.
September 2, 1998.
Rehearing Denied October 8, 1998.
*12 James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Larry Carl Ely presents eight issues in this appeal from his jury trial, convictions, and sentences in Circuit Case Nos. 95-02620 and 92-01304. At the time of the events giving rise to his convictions for aggravated burglary, robbery, criminal mischief, and three counts of battery in 95-02620, Mr. Ely was on probation in Case No. 92-01304 for aggravated assault and battery. Mr. Ely contends the trial court erred in Case No. 95-02620: by violating double jeopardy principles; by improperly assessing serious injury points in computing his guideline sentence; by granting the State's motion in limine; by denying his motions for judgment of acquittal; by permitting the State to present a taped statement to the jury; by denying his motion for new trial; and by imposing court costs and attorney's fees. He also claims that the trial court lacked jurisdiction to revoke his probation in Case No. 92-01304. We find merit only in the issues concerning attorney's fees and jurisdiction to revoke probation and reverse. We affirm the trial court in all other respects.
The trial court sentenced Mr. Ely on October 29, 1992, to a three year term of probation for aggravated assault in Case No. 92-01304. Not quite three years later, on October 13, 1995, an affidavit alleging violation of conditions three, eleven, and twelve was filed. Later, on October 31, 1995, an amended affidavit added a violation of condition five. The trial court found Mr. Ely not guilty of violating conditions eleven and twelve, but guilty of violating conditions three and five. Condition three prohibited a change of residence without notice to the probation officer and condition five prohibited a violation of law. The trial court found Mr. Ely violated condition five by committing the substantive crimes in Case No. 95-02620.
Mr. Ely correctly asserts, albeit for the first time on appeal, that the court was without jurisdiction to hear the charge relating to condition five. Because the issue is fundamental and jurisdictional, it may be raised for the first time on appeal. See Gibson v. State, 351 So.2d 948 (Fla.1977); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981).
An affidavit asserting violation of probation may not be amended outside the probationary period. See State v. Hall, 641 So.2d 403 (Fla.1994). The trial court lacks jurisdiction over alleged violations of probation asserted in an affidavit filed after the expiration of the probationary period. See Clark; Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978). Here, the amended affidavit charging violation of condition five was filed after the expiration of Mr. Ely's probation. Accordingly, we reverse the revocation of probation as to condition five and remand to the trial court to determine whether the violation for condition three alone merits revocation and, if so, to impose sentence.
At sentencing in Case No. 95-02620, the trial court imposed a public defender fee of $700 and reduced it to a lien. The court erred in failing to provide Mr. Ely with the required notice of his right to a hearing to contest the reasonableness and amount of the fee. Fla. R. Crim. P. 3.720(d)(1). See Washington v. State, 685 So.2d 858 (Fla. 2d DCA 1996); Cruz v. State, 696 So.2d 1292 (Fla. 2d DCA 1997). We reverse and remand this issue without prejudice to reimpose the fee. See Gant v. State, 682 So.2d 1137 (Fla. 2d DCA 1996); Peterson v. State, 706 So.2d 930 *13 (Fla. 2d DCA 1998). Mr. Ely shall be given 30 days to file a written objection to the lien. If an objection is filed, the trial court shall strike the lien, and afford Mr. Ely notice and a hearing. Following that, a new lien may then be imposed. See Halyard v. State, 667 So.2d 1028 (Fla. 2d DCA 1996); Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992).
One further point merits discussion. The trial court imposed 40 points for severe victim injury on Mr. Ely's sentencing scoresheet. The imposition of victim injury points is within the discretion of the trial court. See McDonald v. State, 520 So.2d 668 (Fla. 1st DCA 1988). The trial record contains victim injury evidence of a broken nose, chipped teeth, and bruises. Therefore, trial court did not abuse its discretion in assessing these points. Regardless, Mr. Ely has waived his right to bring this issue on appeal by failing to object at sentencing. See State v. Montague, 682 So.2d 1085 (Fla.1996).
Affirmed in part; reversed in part, remanded with instructions.
FRANK, A.C.J., and THREADGILL, J., concur.