GRIFFIN, C.J.
Appellant, Archie Atkins, complains on appeal of the revocation of his probation based on his conviction of new substantive offenses. He also complains of his conviction of one of those substantive offenses — attempted aggravated battery on a law enforcement officer. As to the first issue, we find no error. The latter is, on the other hand, reviewable error as the crime of which he was convicted does not exist. Merritt v. State, 712 So.2d 384 (Fla. 1998). Furthermore, although defendant never objected to his conviction for this offense and even requested a jury instruction on this nonexistent offense, the issue can be raised for the first time on appeal. Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996) (conviction of a nonexistent crime is fundamental error mandating reversal even when error was invited by defendant, as by request for a jury instruction on a nonexistent offense), citing Achin v. State, 436 So.2d 30 (Fla.1982). The proper remedy is to remand for resentenc-ing on the offense of attempted battery, without use of the statutory enhancement factor. See Merritt, supra; Mills v. State, 714 So.2d 1198 (Fla. 4th DCA 1998).
AFFIRMED in part; REVERSED in part; and REMANDED.
THOMPSON and ANTOON, JJ., concur.