GREEN, Judge.
H.E.S., a child, appeals the trial court’s order withholding adjudication of delinquency and placing him on community control for the crime of attempted aggravated battery on a law enforcement officer. We reverse and remand.
*81 The charge arose from a public disturbance, at about 11:45 p.m., after a high school football game. Deputy Michael Locke of the Hillsborough County Sheriffs Office responded to the call and saw a group of people turning to walk away. He got out of his patrol car and was looking around when he heard a bottle hit the ground and then hit his car, about two feet from him. Deputy Locke did not see Who threw the bottle.
Deputy Thomas Kelly of the Hillsbor-ough County Sheriffs Office arrived shortly after Locke. He saw Locke, who was outside of his vehicle, and several people who were yelling at Locke. Kelly saw H.E.S. throw a bottle overhand in the direction of Locke, striking within one or two feet of Locke. As Kelly jumped out of his patrol car, H.E.S. began to run away, along with the rest of the crowd. Kelly stopped H.E.S. within twenty-five yards, and H.E.S. told Kelly that he had thrown the bottle and that he was “just being stupid.” H.E.S. did not say that he threw the bottle to hit Locke. The bottle was received into evidence and referred to as a “beer bottle.”
The evidence supports the contention that the bottle, when thrown by H.E.S. at Officer Locke, was an instrument that could have caused death or great bodily harm and was, therefore, correctly classified as a deadly weapon. See Elliot v. State, 704 So.2d 606 (Fla. 4th DCA 1997); E.J. v. State, 554 So.2d 578 (Fla. 3d DCA 1989); State v. Hartman, 130 Ohio App.3d 645, 720 N.E.2d 971 (1998); Arevalo v. State, 939 P.2d 228 (Wyo.1997); Floyd v. United States, 538 A.2d 248 (D.C.1988).
However, the State concedes on appeal that H.E.S. was found guilty of the nonexistent crime of attempted aggravated battery on a law enforcement officer. We therefore reverse H.E.S.’s judgment and sentence. Upon remand, we direct that H.E.S. be found guilty of the crime of attempted aggravated battery and that he be sentenced for this charge. See Merritt v. State, 712 So.2d 384 (Fla.1998); Case v. State, 723 So.2d 328 (Fla. 2d DCA 1998); § 784.07(2)(b), Fla. Stat. (Supp.1998).
Reversed with directions.
WHATLEY, A.C.J., and NORTHCUTT, J., Concur.