CASANUEVA, Judge.
Following violation of his probation, Robert J. Strahley was convicted of and sentenced for numerous offenses. In this appeal he contests the trial court’s determination that the victim’s injuries were “severe” and the corresponding imposition of victim injury points on his guidelines scoresheet. We reject his contention that the court committed error or imposed an improper sentence and affirm.
Mr. Strahley entered a plea to aggravated battery but contested the point scoring at the sentencing hearing. There, the victim testified that she had returned to work but still suffered constant pain as a result of her injuries. While working at a gas station convenience store on August 21, 1997, she walked from the back of the store to the front, right into a robbery in progress. Mr. Strahley put a gun to her head and ordered her to go with him “or die.” Later, he kicked her and beat her back and head with a rifle butt. As a consequence of this trauma she endures pain daily with symptoms that feel like fire and electricity. Her treatment has included two surgeries and prescription drugs.
*1084 A court-appointed physician expert testified that the victim sustained an occipital nerve injury and a neck injury. The neck injury had improved and had been resolved through the course of medical treatment. However, because the occipital nerve runs from the spinal cord through the neck to the lower edge of the skull, the nerve innervates sensation to the rear of the head. Therefore, the victim’s injury caused her pain that this doctor described as “profound.” Profound pain, according to the expert, is less severe than excruciating or debilitating pain. Because the victim had been able to return to work, the physician opined that her injuries were moderate and assigned a four percent total body impairment. He concluded, however, that her symptoms would likely continue for the rest of her life; and on a scale of six, he found her level of pain severity to be a five.
In evaluating the injury evidence, the trial court found that the victim had sustained a permanent injury and would suffer severe chronic pain for the rest of her life. Reviewing the totality of the evidence and the victim’s condition, the trial court found it to be “a severe injury.”
The imposition of victim injury points is within the sound discretion of the trial court. See Lowman v. State, 720 So.2d 1105 (Fla. 2d DCA 1998); Ely v. State, 719 So.2d 11 (Fla. 2d DCA 1998). Considering the evidence that the victim had been kicked and beaten and had sustained significant permanent neurological injuries, we cannot conclude that the trial judge abused his discretion in determining that the victim sustained a severe injury and in imposing the appropriate victim injury points.
Affirmed.
PATTERSON, C.J., and ALTENBERND, J., Concur.