906 So.2d 333 (2005)
W.T.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2433.
District Court of Appeal of Florida, Fourth District.
July 6, 2005.
*334 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
W.T.D. timely appeals his conviction for attempted battery on a school employee in violation of section 784.081, Florida Statutes (2003). The State concedes, and we agree, that the statute does not create an offense of attempted battery on a school employee and the commitment must be vacated and the judgment reduced to a finding of attempted battery, a misdemeanor.
W.T.D. was adjudicated delinquent for the offenses of attempted battery on a school employee and disrupting a school function. He was initially charged in a petition for delinquency with attempted aggravated battery but, in an amended petition, was charged with attempted battery on a school employee in violation of section 784.081.
The trial court held an adjudicatory hearing, finding, over W.T.D.'s objections, that the crime of attempted battery on a school employee did exist under Florida law. There, Simon Russell, the victim and a teacher at the Palm Beach Marine Institute, testified that W.T.D. became aggressive in class when told to sit quietly. As a result, he called for help on his radio to have someone remove W.T.D. from the classroom. As W.T.D. neared the door, he picked up a piece of wood, which was used as a window stop, and raised it above his head. Russell, threatened by this action, reached out and pulled the wood from W.T.D.'s hand.
At the conclusion of the evidence, W.T.D., relying on Merritt v. State, 712 So.2d 384 (Fla.1998), argued that the enhancement statute did not create the crime of attempted battery on a school employee. At sentencing, W.T.D. again raised the issue of whether the offense was a felony or a misdemeanor, and cited further authority in support of his position. The trial court rejected the renewed argument and entered adjudication of delinquency for attempted battery on a school employee, a purported third degree felony, and imposed a Level 6 commitment.
As the State concedes, there is no offense of attempted battery on a school employee. Florida Statutes section 784.081 reclassified assault, aggravated assault, battery or aggravated battery against school officials and employees and enhanced the punishment for each offense. For example, under section 784.081(2), the offense of battery upon a school district employee is reclassified from a first degree misdemeanor to a third degree felony. In Merritt, however, the Florida Supreme Court held that a similar statute, Florida Statutes section 784.07, which enhances the punishment for assault, aggravated assault, *335 battery and aggravated battery committed against law enforcement and other specified public officers, does not create new substantive offenses and, by its plain language, does not apply to "attempts" to commit the enumerated crimes. The court stated:
The enhancement statute contains no enhancement or reclassification of penalties for the offense of attempted commission of the enumerated offenses; therefore, attempted assault and attempted battery as well as attempted aggravated assault and battery of a law enforcement officer are nonexistent offenses.
712 So.2d at 385 (emphasis in original). Accord H.E.S. v. State, 773 So.2d 80 (Fla. 2d DCA 2000) (instructing the lower court to enter judgment for the crime of attempted aggravated battery instead of attempted aggravated battery on a law enforcement officer, a nonexistent crime).
Here, W.T.D. should have been found guilty of attempted battery, a misdemeanor, pursuant to Florida Statutes sections 777.04 and 784.03 because the enhancement statute does not create the offense of attempted battery on a school employee. We thus remand with instructions for the trial court to enter an adjudication of delinquency based upon a finding that W.T.D. committed attempted battery and, consequently, to hold a new disposition hearing.
Remand with instructions.
SHAHOOD and GROSS, JJ., concur.