PER CURIAM.
By an information the appellant was charged in a first count with throwing toward and upon an occupied vehicle “a certain missile which was capable of producing death or great bodily harm, to wit: a fire bomb,” in violation of § 790.19 Fla.Stat., F.S.A. In a second count the appellant was charged with setting afire and burning a designated vehicle of value exceeding $25, in violation of § 806.03 Fla.Stat., F.S.A.
Section 790.19 deals with throwing (at or in places including an occupied vehicle) any missile which could produce death or great bodily harm. The offense proscribed by § 806.03 is third degree arson.
On trial by a jury the appellant was convicted of the offense charged in count one, and under count two was convicted of fourth degree arson, a lesser degree of the offense charged. He was adjudged guilty accordingly, and sentenced to confinement for five and two years respectively, to run concurrently.
The trust of appellant’s argument is that he was denied a fair trial because the prosecution, over objection, made numerous references to “fire bomb,” whereas, appellant contends the state failed to prove the missile was a fire bomb as defined by statute (§ 806.11 Fla.Stat., F.S.A.). We find no merit in that argument.
The definition of a fire bomb in § 806.11 is there stated to be for the purposes of that section of the statute, which makes it a crime to possess, manufacture or dispose of such an article for certain purposes, and subject to stated exceptions.
Here the missile performed as a fire bomb would, and the reference at trial to the missile as a fire bomb was not in the technical sense, but was descriptive of its character and effect. 'The information contained the essential allegation that the mis *252 sile thrown was one which would produce death or great bodily harm, and the additional language of “to-wit: a fire bomb” was surplusage and did not require proof that the missile had the particular ingredients of a fire bomb as set forth in the statute relating to possession of fire bombs. When such an article is found in one’s possession, it can be examined, and dismantled, to determine whether it is composed of the ingredients listed in the possession statute. But when, as here, the missile is thrown and explodes or bums, there would be no way to prove the exact nature and quantity of its ingredients. For the purposes of the crime charged in this case, it was the nature and capability of the missile as disclosed by its explosive or fire producing effect, rather than its exact ingredients, which were material.
The verdict was supported by competent substantial evidence, and no harmful error was shown.
Affirmed.