387 So.2d 349 (1980)
Giovanni Armando PAGANO, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 58190.
Supreme Court of Florida.
July 3, 1980.
Rehearing Denied September 26, 1980.
Howard M. Zeidwig, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Justice.
This cause is before us on direct appeal from an order of the trial court upholding the constitutionality of Florida's corruption by threat against public servant statute and affirming defendant's conviction for the "attempted" violation of this statute. We have jurisdiction even though *350 it is unnecessary to the determination of this cause for us to pass upon the constitutional question. P.C. Lissenden Co. v. Board of County Commissioners of Palm Beach County, 116 So.2d 632 (Fla. 1959).
Defendant was charged by information with corruption by threat under section 838.021, Florida Statutes (1977), for allegedly threatening harm to a police officer and his family for the purpose of avoiding arrest. After trial by jury, he was found guilty of attempted corruption by threat, as a lesser included offense of the crime charged.
The determinative issue is whether attempted corruption by threat is a lesser included criminal offense under section 838.021. We find that it is not and that defendant's conviction must be reversed.
If a crime is itself an attempt to do an act or accomplish a result, there can be no lesser included offense of attempting to commit that crime. Milazzo v. State, 377 So.2d 1161 (Fla. 1979). In Brown v. State, 206 So.2d 377, 381 (Fla. 1968), this court said:
[T]he trial judge must determine as a matter of law whether an attempt to commit the crime charged would itself constitute an offense under Florida law. If he determines that it does ... then he must instruct the jury on the subject of such attempt, and the jury may find guilt accordingly. In this situation it is immaterial whether the accusatory pleading specifically charges an attempt... .
See also Milazzo v. State.
A reading of section 838.021, Florida Statutes (1977), reveals that the attempt to carry out the criminal act of corruption by threat is included within the definition of the act itself. It provides:
(1) Whoever unlawfully harms or threatens unlawful harm to any public servant, to his immediate family, or to any other person with whose welfare he is interested, with the intent or purpose:
(a) To influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty.
(b) To cause or induce him to use or exert, or procure the use or exertion of, any influence upon or with any other public servant regarding any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty.
(2) Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that he had assumed office, that the matter was properly pending before him or might by law properly be brought before him, that he possessed jurisdiction over the matter, or that his official action was necessary to achieve the person's purpose.
(3)(a) Whoever unlawfully harms any public servant or any other person with whose welfare he is interested shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Whoever threatens unlawful harm to any public servant or to any other person with whose welfare he is interested shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
This statute does not require that the intent or purpose of the threat be accomplished in order for the act to be considered corruption by threat. All that it requires is that there be a threat of unlawful harm. The attempt to corrupt is itself a violation of section 838.021; therefore, there can be no lesser included offense of attempted corruption by threat.
Accordingly, we reverse and remand with directions to discharge the appellant.
It is so ordered.
*351 SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.