436 So.2d 30 (1982)
Stephen C. ACHIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 59840.
Supreme Court of Florida.
January 21, 1982.
Rehearing Denied August 30, 1983.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen. and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition to review the decision of the Fourth District Court of Appeal, reported at 387 So.2d 375. The issue concerns whether a defendant may be convicted of a nonexistent lesser included offense, where defense counsel requested that the jury instruction for the nonexistent offense be given. We find conflict with our decisions in Adams v. Murphy, 394 So.2d 411 (Fla. 1981), and Pagano v. State, 387 So.2d 349 (Fla. 1980).[1] We hold that one may never be convicted of a nonexistent crime and remand for a new trial, finding that defense counsel invited the error.
The state charged petitioner with extortion under section 836.05, Florida Statutes (1977).[2] In a jury trial, at the jury instruction *31 charge conference, the following exchange occurred:
THE COURT: Do either of you have any special instructions to present to the Court?
MR. SANDSTROM [defense attorney]: Well, it ended a little prompt. Do you have one in there that defines each of the words that are in here?
THE COURT: I don't know. I never had a case like this before. Are there any lesser offenses of this?
MR. SANDSTROM: There is always attempt.
.....
MR. SCHAEFER [state attorney]: I would like, at least for the purpose of closing argument, that we know what the lesser includeds are.
THE COURT: The only lesser would be attempted, as far as I know. No [other] lessers have been requested?
MR. SANDSTROM: Right.
In accordance with the charge conference, and without objection, the trial court instructed the jury on extortion and attempted extortion. The jury found petitioner guilty on the asserted lesser included attempt charge and the trial court entered judgment on the verdict.
On appeal, petitioner argued that the court should vacate his conviction and should discharge him because the crime of extortion was by definition an "attempt"; therefore, "attempted extortion" was not in fact a crime. The district court agreed that attempted extortion was not a crime and that ordinarily one could not be convicted of a nonexistent crime. But, the district court held that in this instance, "the error is not invariably fundamental and where the error is deliberately invited [by defense counsel] and the instruction not objected to, the defendant shall not be heard to complain about the result." 387 So.2d at 376. The court concluded that defendant "did more, much more than just remain silent and we must again borrow Judge Schwartz' language and remark that such `gotcha' maneuvers should not be allowed... ." Id. at 377.
We agree with the district court's analysis that attempted extortion is a nonexistent offense. Contrary to the district court's decision, however, we reluctantly conclude that, even under these circumstances, no one may be convicted of a nonexistent crime. Our decisions are clear on this issue. Adams v. Murphy, 394 So.2d 411 (Fla. 1981) (attempted perjury); Pagano v. State, 387 So.2d 349 (Fla. 1980) (attempted corruption by threat against a public servant).
Petitioner next maintains that because the jury found him guilty of what was supposedly a lesser included offense, he was acquitted of the main offense, and that the double jeopardy clause of the fifth amendment to the United States Constitution bars his retrial for the main offense. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). For this reason, petitioner urges that he is entitled to discharge. We reject this contention.
In Green, the United States government charged defendant with causing the death of a woman by committing arson to the building which she occupied. The indictment was for first-degree murder. At trial, the court instructed the jury on first-degree murder, a killing while perpetrating a felony, and on the lesser included offense of second-degree murder, a killing with malice aforethought. The jury returned a verdict of second-degree murder. On appeal, the conviction was set aside and the cause remanded. Green was again tried for first-degree murder and this time convicted on that charge. He alleged that his conviction for second-degree murder in the first trial had effectively acquitted him of the first-degree charge and contended that his second trial placed him in double jeopardy.
The United States Supreme Court agreed. "In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: `We find the defendant not guilty of murder in *32 the first degree but guilty of murder in the second degree.'" 355 U.S. at 191, 78 S.Ct. at 225, accord Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).
We find the instant circumstances distinguishable. In Green, the trial court instructed on the main offense, first-degree murder, and on the lesser included, second-degree murder. In the instant case, the trial court instructed on the main offense, extortion, and what it erroneously thought was a lesser included, attempted extortion. As the district court correctly concluded, "attempted extortion" is not a crime because "extortion" is in itself an attempt. The elements for both are identical. Rather than being a lesser included of "extortion," "attempted extortion" is "extortion."
In Green, the Supreme Court said conviction of a lesser included offense acquitted defendant of the main offense. We find in the present case that because defendant was convicted of a crime which, although technically nonexistent, was in all elements equal to the main offense, the double jeopardy provision of the fifth amendment does not bar defendant's reprosecution. We conclude that defendant is not entitled to discharge.[3]
We agree with the district court that defense counsel invited the error. Within constitutional parameters, we will not permit defendants to defeat the criminal justice system by such action. Although petitioner cannot be convicted of a nonexistent offense, he can, under these circumstances, be retried.
The Fourth District Court's decision is approved in part, disapproved in part, and the cause remanded for retrial.
It is so ordered.
ADKINS, BOYD and ALDERMAN, JJ., concur.
SUNDBERG, C.J., concurs as to reversal; dissents as to retrial.
McDONALD, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Threats; extortion.  Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] But see Adams v. Murphy, 653 F.2d 224 (5th Cir.1981) (habeas writ issued to defendant convicted of non-existent "attempted perjury").