BOARDMAN, Judge.
Appellant Johnathan Stephens urges us to reverse his judgment and sentence for the “nonexistent” offense of temporary unauthorized use of a motor vehicle[1] and to remand to the trial court for his discharge. We reverse appellant’s conviction but conclude that he is not entitled to discharge.
Appellant was charged by information with grand theft of a motor vehicle under section 812.014(2)(b), Florida Statutes (1981). During appellant’s ensuing jury trial, defense counsel requested an instruction on temporary unauthorized use, or “joyriding,” under section 812.041, as a lesser included offense of the crime charged. The trial court gave the requested instruction, and the jury found appellant guilty of the alleged “lesser included offense.”
As appellant asserts, and correctly, our supreme court recognized in State v. Dunmann, 427 So.2d 166 (Fla.1983), that the enactment of the omnibus theft statute[2] repealed the temporary unauthorized use statute by implication. Dunmann, 427 So.2d at 168. Under our supreme court’s holding in Achin v. State, 436 So.2d 30 (Fla.1982), a defendant cannot be convicted of a nonexistent crime, notwithstanding his participation in inducing the erroneous conviction. See also State v. Sykes, 434 So.2d 325 (Fla.1983).
Under the holding of Achin, a defendant convicted of a technically nonexistent crime may be retried when all of the elements of the “crime” for which he was convicted are equal to the elements of the main offense. Achin, 436 So.2d at 32. Accord, Jordan v. State, 438 So.2d 825 (Fla.1983); Sykes. In essence, conviction, as here, of a nonexistent “lesser included” offense which shares identical elements with the main offense does not result in an acquittal — the conviction has merely been misnomered.
Dunmann’s holding that the “joyriding” statute has been subsumed within the omnibus theft statute necessarily means that the offenses of theft and temporary unauthorized use of a motor vehicle possess identical elements. Conversely, any *500 lack of identity would leave the “joyriding” statute with a valid, independent field of operation, which the Dunmann court found lacking.
On the basis of the foregoing authorities, we REVERSE appellant’s judgment and sentence and REMAND for a new trial.
OTT, C.J., and LEHAN, J., concur.

. While we refer to temporary unauthorized use of a motor vehicle as a "nonexistent” offense, we recognize that facts which formerly would have supported a conviction under section 812.-041 would now support an adjudication under the omnibus theft statute.

. Chapter 77-342, effective date October 1, 1977.