707 So.2d 805 (1998)
Andrew H. LEPAK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03952.
District Court of Appeal of Florida, Second District.
February 18, 1998.
*806 William E. Taylor, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Andrew Lepak appeals from his judgment and sentence for battery under section 784.035, Florida Statutes (1995), the domestic violence statute. He correctly argues that his conviction under that statute constitutes an ex post facto application of the law because the offense occurred three days before the statute became effective on October 1, 1995.
"A law is ex post facto when applied to an offense which occurred before the law became effective." Rodriguez v. State, 380 So.2d 1123, 1124 (Fla. 2d DCA 1980). A defendant cannot be convicted of a nonexistent crime, even if no objection was raised in the trial court. See Achin v. State, 436 So.2d 30 (Fla.1982); Stephens v. State, 444 So.2d 498 (Fla. 2d DCA 1984). Therefore, we reverse Lepak's conviction for battery under section 784.035. However, because the State sufficiently proved the elements of battery to sustain a conviction under section 784.035, the double jeopardy provisions of the Fifth Amendment do not bar Lepak's prosecution for battery under section 784.03, Florida Statutes (1995). Cf. State v. Sykes, 434 So.2d 325 (Fla.1983), and Stephens, 444 So.2d at 499 (holding that a defendant convicted of a nonexistent lesser-included offense may be retried when all of the elements of the crime for which he was convicted are equal to the elements of the main offense).
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.