HARRIS, Judge,
concurring specially.
I concur in granting relief to Lloyd Ayres but would hesitate to hold his motion timely under rule 3.850. See Saccucci v. State, 546 So.2d 1154 (Fla. 2d DCA 1989). Because Ayres is not guilty of any valid offense, any sentence that .he received would be void. The supreme court’s determination that the statute under which Ayres was convicted is unconstitutional renders the statute inoperative from the date of its enactment. Garcia v. State, 651 So.2d 1300 (Fla. 2d DCA 1995). Thus, the crime for which Ayres was convicted did not exist and one simply cannot be convicted of a non-existent crime. Lepak v. State, 707 So.2d 805 (Fla. 2d DCA 1998).
Both rules 3.800 and 3.850 assume that the conviction was legal or at least would have been had not some error occurred. Neither rule was designed to address a conviction for a non-existent crime. Nor is such a rule necessary. We can either treat the motion before us as an “all writs” motion[1] or merely exercise our inherent authority to sua sponte remedy fundamental error which is apparent on the face of the record. Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991). In any event, we should reverse and remand to the trial court to quash the conviction and to dismiss the action.

. Caruso v. Terry’s Foods, Inc., 683 So.2d 3136 (Fla. 4th DCA 1996).