739 So.2d 1201 (1999)
Paul MUNDELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1551.
District Court of Appeal of Florida, Fifth District.
July 30, 1999.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
*1202 Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Paul Mundell, complains on appeal about certain comments of the prosecutor which assertedly rise to the level of fundamental error. We find no merit to this claim.
Mr. Mundell also complains about his conviction of attempted aggravated assault on a law enforcement officer. Although Mr. Mundell never objected to his conviction for this offense and even requested a jury instruction on this nonexistent offense, the error can be raised for the first time on appeal because the crime of which he was convicted does not exist. Merritt v. State, 712 So.2d 384 (Fla.1998), Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996) (conviction of a nonexistent crime is fundamental error mandating reversal even when error was invited by defendant, as by request for a jury instruction on a nonexistent offense), citing Achin v. State, 436 So.2d 30 (Fla.1982). The proper remedy is to remand for resentencing on the offense of attempted aggravated assault, without use of the statutory enhancement factor. See Merritt, supra; Mills v. State, 714 So.2d 1198 (Fla. 4th DCA 1998).
AFFIRMED in part; REVERSED in part; and REMANDED.
W. SHARP and GOSHORN, JJ., concur.