771 So.2d 588 (2000)
Danny Ray HARKNESS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4665.
District Court of Appeal of Florida, First District.
November 9, 2000.
*589 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Appellant, Danny Ray Harkness (Harkness), seeks review of his judgment and sentence imposed pursuant to a negotiated plea agreement for attempted third-degree felony murder, as well as other offenses. We affirm in part, reverse in part, and remand.
Harkness was charged with attempted premeditated first-degree murder, arson of a dwelling, criminal mischief, aggravated stalking, and violation of an injunction. Harkness entered into a plea agreement in which he agreed to plead no contest to the lesser included offense of attempted third-degree felony murder and to the remaining offenses as charged, in return for a sentencing cap of 84 months in state prison. Pursuant to his sentencing guidelines scoresheet, the lowest permissible sentence was 70.05 months, although the state had agreed that Harkness would be free to urge a downward departure sentence. The court adjudicated Harkness guilty and sentenced him as follows: to 72 months in prison followed by 10 years probation for arson; to 60 months in prison for each of the offenses of attempted third-degree felony murder, criminal mischief, and aggravated stalking; and time served for violation of the injunction. All of the sentences were ordered to run concurrently.
Attempted third-degree felony murder is a non-existent crime in Florida. See State v. Gray, 654 So.2d 552 (Fla. 1995); McLaughlin v. State, 700 So.2d 392 (Fla. 1st DCA 1997). Conviction of a nonexistent crime is fundamental error which requires reversal, regardless of whether the error was invited by the defendant. See Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996). Therefore, as to the offense of attempted third-degree murder only, the judgment and sentence is vacated. Additionally, the sentences for each of the remaining offenses are remanded for resentencing pursuant to a newly calculated scoresheet. See Upshaw v. State, 665 So.2d 303 (Fla. 2d DCA 1995). However, the state shall have the option of withdrawing from the entire plea agreement since the plea agreement was based on a material mistake of law which works to the benefit of Harkness. See Akins v. State, 691 So.2d 587 (Fla. 1st DCA 1997).
Accordingly, this case is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ERVIN and PADOVANO, JJ., CONCUR.