On Rehearing Granted

PER CURIAM.
On consideration of appellant’s motion for rehearing, we withdraw the opinion dated August 1, 2001, and substitute the following opinion.
Tony Brown appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In count five of circuit court case number 96-19731, defendant was adjudicated guilty (after trial) of the offense of attempted battery on a law enforcement officer in violation of section 784.07, Florida Statutes (1995), a felony. The State concedes that under Merritt v. State, 712 So.2d 384 (Fla.1998), section 784.07 does not apply to attempted battery. Id. at 385. On this issue, we remand with directions to reduce the conviction on count five to attempted battery, a misdemeanor.
In defendant’s second claim, he contends that his two consecutive three-year mandatory minimum sentences for use of a firearm should be concurrent, not consecutive. This claim involves a factual inquiry. See Marta-Rodriguez v. State, 699 So.2d 1010, 1012 (Fla.1997). Since the record does not conclusively refute this claim, we remand for a hearing on this issue. See Fla. R.App. P. 9.141(b)(2)(D).
We reject defendant’s third claim on authority of McKnight v. State, 773 So.2d 577 (Fla. 3d DCA 2000).
In defendant’s final claim, he contends that the trial court erred by awarding him credit for 578 days of time served on all counts, including misdemeanor counts. *828 He reasons that 578 days exceeds the legal maximum on the misdemeanor counts. Since we are remanding for other reasons, the trial court should correct the order on remand.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.