801 So.2d 1032 (2001)
Veronica M. JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1177.
District Court of Appeal of Florida, Fifth District.
December 21, 2001.
*1033 James B. Gibson, Public Defender, and Michael S. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Veronica Jordan appeals the judgment and sentence imposed following her no contest plea to one count of possession of cocaine and one count of introduction of contraband into a county facility.[1] The only issue presented in the instant proceedings relates to the latter charge. Jordan argues that the trial court erred in accepting her plea to the charge of introducing contraband into a county facility where the item she is charged with introducing, drug paraphernalia (a crack pipe), is not included in the applicable statute's definition of contraband. Thus, she argues, she was convicted of a nonexistent offense. We agree.
Jordan was arrested after a law enforcement officer discovered she was in possession of cocaine and drug paraphernalia. At the time of her arrest, Jordan was not fully searched because a female deputy was not available to perform that task. The arresting officer did warn Jordan, however, that she would be charged with additional offenses if she was found to be in possession of any contraband introduced by her into the jail facility. Upon her arrival at the county jail, Jordan was indeed searched and a crack pipe containing cocaine residue was discovered on her person. In keeping with the prior admonition, Jordan was subsequently charged with introduction of contraband into a county detention facility in violation of section 951.221(1), Florida Statutes (1999), a third degree felony, and the misdemeanor offense of possession of paraphernalia in violation of section 893.147(1), Florida Statutes (1999).
Directing our attention to the charge of introduction of contraband into a county detention facility, we address the issue of whether, based on the facts of the instant case, Jordan was convicted of a nonexistent offense. Section 951.22, entitled "County detention facilities; contraband articles," makes it a third degree felony to introduce contraband articles into a county detention facility and defines "contraband" for its purposes. It states in subsection (1):
It is unlawful, except through regular channels as duly authorized by the sheriff or officer in charge, to introduce into *1034 or possess upon the grounds of any county detention facility as defined in s. 951.23 or to give to or receive from any inmate of any such facility wherever said inmate is located at the time or to take or to attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purposes of this act, to wit: Any written or recorded communication; any currency or coin; any article of food or clothing; any tobacco products as defined in s. 210.25(11); any cigarette as defined in s. 210.01(1); any cigar; any intoxicating beverage or beverage which causes or may cause an intoxicating effect; any narcotic, hypnotic, or excitative drug or drug of any kind or nature, including nasal inhalators, sleeping pills, barbiturates, and controlled substances as defined in s. 893.02(4); any firearm or any instrumentality customarily used or which is intended to be used as a dangerous weapon; and any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county facility.
(Emphasis added).
The information which charged Jordan with introducing contraband into a county facility in violation of section 951.22(1) asserted that Jordan
did, in violation of Florida Statute 951.22(1), unlawfully, without going through regular channels as duly authorized by the sheriff or officer in charge, introduce into or possess upon the grounds of, a county detention facility as defined in Florida Statute 951.23, to-wit: Orange County Jail, certain contraband, to-wit: drug paraphernalia.

At the plea and sentencing hearing, the factual basis for the challenged count was presented as follows:
On CR99-16277, on or about December 1st, 1999, the defendant was arrested for a prior charge and booked into the central booking. She had been warned about taking drugs into the jail. They found a crack pipe on her person. This was in Orange County, Florida.
Although Jordan did not then assert that she was being charged with a nonexistent offense, this court has consistently held that conviction of a nonexistent crime is fundamental error that may be raised for the first time on appeal. Mundell v. State, 739 So.2d 1201 (Fla. 5th DCA 1999); Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987), cert. denied, 525 So.2d 881 (Fla.1988). Thus if Jordan is correct, her conviction for introduction of contraband into a county facility must be reversed.
Jordan's argument that introduction of drug paraphernalia into a county detention facility is a nonexistent offense is premised on the fact that drug paraphernalia is not specifically included in the list of items that section 951.22(1) declares "to be contraband for the purposes of this act." Jordan contends that since drug paraphernalia is not listed, this court cannot construe the statute to provide the missing language because to do so would, in effect, constitute a rewriting of the statute to create a new offense.
We agree that it is not the prerogative of this court to melt this statute and recast it in a mold of our choosing. The general principle which we must adhere to, simply put, requires this court to interpret legislation, not rewrite it. See State ex rel. Lee v. Buchanan, 191 So.2d 33, 36 (Fla. 1966) ("If such statutes, in defining criminal offenses, omit certain necessary and essential provisions which serve to impress the acts committed as being wrongful and criminal, the courts are not at liberty to supply the deficiencies or undertake to make the statutes definite and certain.") *1035 (citation omitted). Obliging this principle, and in keeping with our function as an appellate court, we turn to time honored rules of statutory construction to resolve the issue before us.
Embodied in section 775.021(1), Florida Statutes (2001), and enunciated many times by appellate courts, see e.g., Wallace v. State, 724 So.2d 1176 (Fla.1998), is the general rule of statutory construction that when criminal legislation is susceptible to more than one meaning, it must be strictly construed in favor of the accused. See also State v. Camp, 596 So.2d 1055 (Fla.1992). In addition, expressio unius est exclusio alterius, which means that the express inclusion of items in a statute means that those not listed are excluded, must be applied to the instant case. See Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) ("It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius."); see also McFadden v. State, 737 So.2d 1073 (Fla.1999).
Jordan was specifically charged by information with violating section 951.22 by introducing drug paraphernalia which is not among the items defined as contraband by the statute. We conclude, pursuant to the basic tenets of statutory construction we must apply to section 951.22, that by failing to include drug paraphernalia in the list of items that are contraband under the statute, the Legislature intended to exclude it. Moreover, we must interpret this statute in favor of Jordan. Therefore, we conclude that the Legislature did not intend to criminalize the act of introducing drug paraphernalia into a county detention facility. Thus Jordan is correct that the act she is accused of committing is not, in fact, a crime.
It is a fundamental principle of Florida jurisprudence that one cannot be convicted of a nonexistent crime. Achin v. State, 436 So.2d 30, 30 (Fla.1982) ("We hold that one may never be convicted of a nonexistent crime...."); Harkness v. State, 771 So.2d 588 (Fla. 1st DCA 2000); Mundell; Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996), approved, Merritt v. State, 712 So.2d 384 (Fla.1998); Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987). Therefore, Jordan's conviction and sentence must be reversed.
The State contends that Jordan waived appellate review of her argument because she failed to object to the wording of the information charging her with this crime. Moreover, the State asserts that because the information specifically charged Jordan with a violation of section 951.22(1) by introducing into or possessing on the grounds of a county facility "certain contraband," the information was sufficiently detailed to charge the offense and Jordan's failure to challenge the information below results in a waiver of her argument.
We conclude that since section 951.22(1) does not make the act of introducing drug paraphernalia into a county facility a crime, the information's reference to the statute number is immaterial because the act she is charged with committing does not constitute a violation of the statute. "Conviction of a non-existent crime is fundamental error which requires reversal, regardless of whether the error was invited by the defendant." Harkness, 771 So.2d at 589; see also Mundell; Fredericks, 675 So.2d at 990 ("Conviction of a non-existent crime is fundamental error mandating reversal even when the error was invited by the defendant, as was the case here, by request for a jury instruction on a non-existent offense.") (citing Achin). Therefore, under the circumstances of the instant case, the fact that Jordan entered a *1036 plea to a nonexistent charge without objecting to the contents of the information does not prevent her from challenging her conviction on appeal. See Harkness (holding that reversal of a conviction of a nonexistent crime pursuant to a plea entered by the defendant was warranted).
Exhausting ingenuity in their attempt to salvage this conviction, the State next contends that even if the argument was not waived, affirmance is still required because the crack pipe found on Jordan in the jail had residue in it which tested positive for cocaine. It contends that the reference to "contraband" in the information put Jordan on notice of the event surrounding the charge and that the language after the "to-wit" was surplusage. Specifying "drug paraphernalia" was not a limitation on the type of contraband which the State could prove at trial, but rather just put Jordan on notice of the event surrounding the charge, it argues. The State asserts that the contraband actually was the cocaine residue in the crack pipe, not the pipe itself.
Not only are the cases cited by the State in support of this argument clearly distinguishable,[2] the argument, in light of the circumstances of the instant case, makes no sense. Charging documents filed by the state in criminal cases are not tarot cards and the persons accused in them are not fortune-tellers who have the ability to mystically divine that, although the state specifically alleges a certain act of misconduct, it really means another.
Every person accused of a crime in Florida has the constitutional right to be informed of the nature and cause of the accusation brought against him or her. Art. I, § 16, Fla. Const. This constitutional precept has been incorporated into the Florida Rules of Criminal Procedure and our decisional law. James v. State, 706 So.2d 64, 65 (Fla. 5th DCA 1998) ("An information must contain a statement of the facts relied upon as constituting the offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended, and with such precision that the defendant may plead his conviction or acquittal to a separate indictment or information based upon the same facts.") (citing State v. Smith, 240 So.2d 807 (Fla.1970)); Fla. R.Crim. P. 3.140(d)(1) ("Each count of an indictment or information on which the defendant is to be tried shall allege the essential facts constituting the offense charged."). Accordingly, since the information alleges the commission of an act that is not a crime, Jordan's conviction and sentence must be reversed.
The State argues, finally, that assuming that Jordan was charged with a nonexistent crime, it has the option of either filing an information that charges a valid offense or withdrawing from the plea agreement entirely and proceeding to trial on all counts in both cases. We agree. In Akins v. State, 691 So.2d 587 (Fla. 1st DCA 1997), the court reversed the defendant's conviction for attempted felony *1037 murder because it was not a crime. The court specifically advised that on remand, the state could file a new indictment or information which charges a valid offense or it could withdraw from the entire plea agreement. See also Harkness, 771 So.2d at 589 (holding that where judgment and sentence for nonexistent crime had to be vacated, upon remand the state "shall have the option of withdrawing from the entire plea agreement since the plea agreement was based on a material mistake of law which works to the benefit of [the defendant].") (citation omitted).
We reverse Jordan's conviction and sentence for introducing contraband into a county facility. Because the plea agreement was based on a fundamental infirmity, upon remand the State will have the option of filing an information that charges a valid offense or withdrawing from the plea agreement in its entirety and proceeding to trial on all charges.
REVERSED.
THOMPSON, C.J., and ORFINGER, R. B., J., concur.
NOTES
[1] Jordan was charged in case number 99-16276 with one count of possession of cocaine and one count of possession of drug paraphernalia based upon evidence found at the initial scene. In case number 99-16277, Jordan was charged with one count of introduction of contraband into a county detention facility and one count of possession of drug paraphernalia based upon evidence found in a search of her person conducted after she was taken to the Orange County Jail. Jordan pled no contest to the first count of each information, in return for which the State agreed to nolle prosequi the two remaining charges.
[2] The State cites In the Interest of W.M., 491 So.2d 1263 (Fla. 4th DCA 1986), and Mas v. State, 222 So.2d 250 (Fla. 3d DCA 1969), to support its contention that the "drug paraphernalia" language in the information was surplusage. But these cases are easily distinguishable from the instant case because the defendants were not charged with nonexistent offenses. Moreover, in both cases, the language following the "to-wit" clause named an item which came within the class of items already described in the information, i.e., the Mas fire bomb is a missile that can cause death or great bodily harm and the W.M. BB gun was a weapon which can cause great bodily harm. In the instant case, drug paraphernalia is not included in the list of items which can constitute contraband under section 951.22(1).