841 So.2d 687 (2003)
B.B.P., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4656.
District Court of Appeal of Florida, Second District.
April 11, 2003.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
B.B.P. was charged by a petition for juvenile delinquency with being a principal to the offense of dealing in stolen property in violation of sections 812.019(1) and 777.011, Florida Statutes (2001). After an adjudicatory hearing, the trial court announced that it was finding B.B.P. guilty of "possession of recently stolen property." *688 The trial court subsequently signed an order, however, which stated that B.B.P. was found guilty of dealing in stolen property. Because possession of stolen property is a nonexistent offense, we reverse the disposition order and remand for the trial court to enter an order of dismissal.
At the adjudicatory hearing, Lisa Sikorski testified to events surrounding the theft and recovery of her large audio speakers. Two days after her vehicle was burglarized and the speakers were stolen, she observed B.B.P. and Jose Rodriguez parked on the side of the road next to a large palm tree. Within minutes, she saw them driving down the street with the large speakers protruding from the trunk of their car. Sikorski tried to follow B.B.P. but lost sight of his car. She later saw B.B.P. and Rodriguez at a gas station without the speakers in their car. Sikorski confronted them and called the police from her cellular telephone. B.B.P. and Rodriguez waited for the police to arrive. They were arrested, and the speakers were later located at their residence.
B.B.P., who did not speak English, testified through an interpreter that on the same day he was arrested, he had purchased the speakers from two men he did not know. He paid $200 for the speakers, and the men told him where the speakers were located. They were located, according to B.B.P., "on a lonely street.... Off from a palm." B.B.P. testified that he did not know the speakers were stolen.
On appeal, B.B.P. argues that the evidence was insufficient to prove the charge of dealing in stolen property because there was no showing that he intended to dispose of the speakers. The State concedes that the evidence was insufficient but argues that this court should remand for entry of an order finding B.B.P. guilty of grand theft pursuant to section 924.34, Florida Statutes (2001).
We agree that the evidence was insufficient to support the charge of dealing in stolen property because it was not shown that B.B.P. intended to traffic in the stolen property. See § 812.019(1), Fla. Stat. (2001). However, we do not agree that a finding of guilt may be directed for the crime of grand theft. Section 924.34 provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
B.B.P. was found guilty of the nonexistent crime of possession of stolen property, which of course has no lesser-included offenses. Therefore, section 924.34 has no application in this case. Furthermore, because possession of stolen property is not the equivalent of dealing in stolen property or theft, double jeopardy bars reprosecution. Cf. Achin v. State, 436 So.2d 30, 31-32 (Fla.1982) (discussing when a defendant convicted of a nonexistent lesser-included offense may be retried for the main offense). Therefore, we reverse. On remand, the delinquency petition shall be dismissed and B.B.P. shall be discharged.
Reversed and remanded with directions.
WHATLEY and SILBERMAN, JJ., Concur.