842 So.2d 266 (2003)
J.J., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5270.
District Court of Appeal of Florida, Second District.
April 11, 2003.
James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
J.J. appeals from a delinquency adjudication of guilt for aggravated fleeing to elude and "leaving the scene of an accident." J.J. does not challenge the delinquency adjudication for aggravated fleeing to elude, and we affirm as to that count. Because the trial court erroneously found J.J. guilty of "leaving the scene of an accident" as a lesser of the charged offense of leaving the scene of a crash with injury, we reverse as to this count.
During the adjudicatory hearing, J.J.'s counsel moved for a dismissal of the charge of leaving the scene of a crash with injury, in violation of section 316.027(1)(a), Florida Statutes (2000), because the State failed to prove injury. The State responded that if injury was not proven, the court could find J.J. guilty of the lesser offense of leaving the scene of a crash, which, the State claimed, was a first-degree misdemeanor. The trial court adopted the State's suggestion. The order of juvenile probation indicates that J.J. was found guilty of "Leave Scene of Accident." The order does not cite a statutory reference for this offense.
Pursuant to section 316.027(1), it is a third-degree felony to leave the scene of a crash resulting in injury and a second-degree felony to leave the scene of a crash resulting in death. Pursuant to section 316.061(1), it is a second-degree misdemeanor to leave the scene of a crash resulting in damage to a vehicle or other property. There is no statute that makes it a criminal offense to leave the scene of a crash when there is no resulting death, injury, or damage to a vehicle or other property. The trial court correctly recognized that the State failed to introduce any evidence of injury as required to support a *267 delinquency adjudication under section 316.027(1)(a). Likewise, however, there was no evidence of damage to any vehicles or other property.
It appears that the trial court found J.J. guilty of a nonexistent offense of leaving the scene of an accident. Conviction of a nonexistent crime is fundamental error. Jordan v. State, 801 So.2d 1032 (Fla. 5th DCA 2001); Beck v. State, 732 So.2d 427 (Fla. 1st DCA 1999). We therefore reverse and remand with instructions for the trial court to strike the offense from the order placing J.J. on probation and to enter a dismissal as to count II of the delinquency petition.[1]
Affirmed in part, reversed in part, and remanded.
ALTENBERND, C.J, and KELLY, J, Concur.
NOTES
[1] Because we conclude that the evidence was insufficient to sustain a delinquency adjuudication under either section 316.027 or 316.061, we do not decide whether leaving the scene of a crash with property damage is a lesser included offense to a charge of leaving the scene of a crash with death or injury.