GROSS, J.
The issue in this case is whether the state’s filing of an amended information after a jury was sworn violated double jeopardy principles. The first information did not charge a crime, so no double jeopardy violation occurred with the amendment. Therefore, we affirm.
Jessie Mae Dorsey was originally charged with introduction of contraband into a county detention facility, contrary to section 951.22(1), Florida Statutes (2003). The contraband alleged in the information was drug paraphernalia.
After the jury was sworn, the state moved to amend the information to identify the contraband as “cocaine or any mixture thereof.” By this amendment, the state sought to base the prosecution on the cocaine residue contained on the crack pipe recovered from Dorsey.
Defense counsel did not raise any objection to the amendment. Once the amendment was in place, counsel moved to dismiss on double jeopardy grounds. The trial judge denied the motion. Dorsey entered a nolo contendere plea, reserving her right to appeal on double jeopardy grounds.
Here, the state sought to amend the information because the original information did not charge Dorsey with a crime. In Jordan v. State, 801 So.2d 1032, 1035 (Fla. 5th DCA 2001), the fifth district held that section “951.22(1) does not make the act of introducing drug paraphernalia into a county facility a crime.... ” Had Dorsey been convicted as charged in the original information, reversal would be required, even if she had invited the error. Id. Where a defendant has been convicted of a nonexistent crime, double jeopardy does not preclude the state from filing an information that charges a valid offense. Id. at 1036. Thus, in this case, double jeopardy did not prevent the state from amending its information, even after the jury was sworn.
We do not consider the other issues addressed in Dorsey’s brief because they were not raised in the court below.
Affirmed.
POLEN and STEVENSON, JJ., concur.