924 So.2d 840 (2006)
Paul E. MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3803.
District Court of Appeal of Florida, Fourth District.
January 4, 2006.
Rehearing Denied April 24, 2006.
*841 Paul E. Moore, Arcadia, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Paul Moore appeals the summary denial of his motion for post-conviction relief. Fla. R.Crim. P. 3.850. The trial court found that the motion was untimely and successive because Moore had raised new claims that should have been raised in Moore's prior motion. See Moore v. State, 879 So.2d 62 (Fla. 4th DCA 2004). One of Moore's new claims was that he was convicted of a non-existent offense. We reverse the denial of this claim, but affirm as to all other issues.
Moore entered a negotiated guilty plea to various offenses, including attempted aggravated assault on a law enforcement officer. Attempted aggravated assault on a law enforcement officer is not a crime in Florida. Merritt v. State, 712 So.2d 384 (Fla.1998). A conviction for a non-existent crime is fundamental error that can be raised at any time, even if the error was "invited" by acceptance of a negotiated plea or by a request for jury instructions. Mundell v. State, 739 So.2d 1201 (Fla. 5th DCA 1999); Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996).
One cannot be convicted of a non-existent offense. Achin v. State, 436 So.2d 30 (Fla.1982). The conviction is illegal and cannot be allowed to stand. The trial court erred in denying this claim as untimely and successive.
We reverse and remand with instructions that the conviction and sentence for attempted aggravated assault on a law enforcement officer be vacated. The state shall have the option of withdrawing from the entire plea agreement. See Harkness v. State, 771 So.2d 588 (Fla. 1st DCA 2000). Moore cannot challenge his plea as involuntary because the time limit under rule 3.850 has expired.
STONE, FARMER and KLEIN, JJ., concur.