957 So.2d 696 (2007)
Gerardo BARRAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1747.
District Court of Appeal of Florida, Fifth District.
May 18, 2007.
Gerardo Barragan, Bushnell, pro se.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
The defendant appeals from the denial of his motion for post-conviction relief following an evidentiary hearing. The defendant raised numerous grounds alleging ineffective assistance of trial counsel. The trial court correctly denied relief as to all grounds, save for ground seven, on the basis that even assuming deficient performance, the defendant could not demonstrate any prejudice, i.e., that the result of the proceedings would have been different.[1] *697 See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Jones v. State, 949 So.2d 1021 (Fla. 2006).
In denying ground seven, the trial court stated that this claim was predicated on trial counsel's purported ineffectiveness in failing to object at trial to the charge of attempted exposure of sexual organs. Trial counsel had moved to dismiss the charge, arguing that attempted exposure of sexual organs is a non-existent crime but failed to obtain a ruling. The trial court, in denying relief, concluded:
Conviction of a non-existent crime is fundamental error which can be raised for the first time on appeal. Jordan v. State, 801 So.2d 1032, 1034 (Fla. 5th DCA 2001). This Court is not required to determine whether there is such a crime. This claim was or could have been raised on direct appeal. Therefore, it cannot be relitigated by the filing of a motion under Fla. R.Crim. P. 3.850. See Medina v. State, 573 So.2d 293 (Fla. 1990). Post-conviction relief should be denied as to this issue.
"[O]ne may never be convicted of a non-existent crime." Achin v. State, 436 So.2d 30 (Fla.1982); see also Mundell v. State, 739 So.2d 1201 (Fla. 5th DCA 1999). The trial court correctly noted that conviction for a non-existent crime is fundamental error which may be raised for the first time on direct appeal, but the error can actually be raised at any time, even in a post-conviction context. Moore v. State, 924 So.2d 840 (Fla. 4th DCA 2006) (reversing denial of post-conviction relief where trial court erroneously ruled defendant was procedurally barred from raising claim that he had been convicted of non-existent offense).
The trial court erroneously concluded that this claim could not be considered because it was or could have been raised on direct appeal. The denial of relief as to this ground is reversed and the trial court instructed to consider the merits of the claim.[2]
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] The defendant's counsel at the evidentiary hearing, when pressed by the court as to how any of these purported deficiencies, if corrected, would change the outcome, replied, "I don't have an answer for it," other than to have another trial and "see where it got."
[2] The record does not contain the operative judgment and sentence which form the basis for this conviction.