982 So.2d 1205 (2008)
Marcus A. MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-827.
District Court of Appeal of Florida, Fifth District.
May 23, 2008.
*1206 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Following an incident in 2005, Marcus A. Moore was charged by information with carjacking with a firearm,[1] causing bodily injury during the commission of a felony,[2] and armed home invasion robbery.[3] After a jury trial, Mr. Moore was convicted of causing bodily injury during the commission of a felony, but was acquitted of the remaining charges.[4] On appeal, he contends that the information filed by the State failed to charge a crime. We agree and reverse.[5]
Pertinent to the charge of causing bodily injury during the commission of a felony, the information filed by the State alleged that Mr. Moore "did, in violation of Florida Statutes 782.051(1) and 775.087(1), commit, aid or abet an act that caused the bodily injury to BUN LONG KAING while MARCUS A. MOORE was perpetrating or attempting to perpetrate the felony crime of Home-Invasion Robbery." The information was consistent with section 782.051 as it read when enacted in 1996. At that time, section 782.051, entitled "Felony Causing Bodily Injury," provided, in relevant part:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an act that causes bodily injury to another commits a felony of the first degree....
§ 782.051(1), Fla. Stat. (1996). In 1998, the title of the statute was changed to "Attempted Felony Murder," and the substance of the statute was amended to read:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree....
§ 782.051(1), Fla. Stat. (1998) (emphasis added). Of significance to this appeal, the revised statute added the requirements that the act perpetrated or attempted by the defendant be 1) an intentional act, 2) not an essential element of the underlying *1207 felony, 3) that could, but did not, cause the death of another.
Generally, "[a]n information is fundamentally defective only when it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." State v. Burnette, 881 So.2d 693, 694-95 (Fla. 1st DCA 2004); see Fla. R.Crim. P. 3.610. An "essential element" is one on which proof is required in order to establish a legal claim or criminal offense. Fla. Dep't of Revenue v. City of Gainesville, 918 So.2d 250, 264 (Fla.2005).
The revised statute requires the State to prove that Mr. Moore committed or attempted to commit an intentional act that was not an essential element of the underlying felony, which was not required under the earlier version of the statute. In this case, because the information omitted essential elements of the crime alleged, we conclude it was fundamentally defective as it charged a nonexistent crime.[6]See Achin v. State, 436 So.2d 30, 30 (Fla.1982) ("[O]ne may never be convicted of a nonexistent crime"). For these reasons, the conviction must be reversed. As a result, we need not address the remaining issue that Mr. Moore presents.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] §§ 812.133(1), (2)(a), 775.087(2)(a)3., Fla. Stat. (2005).
[2] §§ 782.051(1), 775.087(1), Fla. Stat. (1996).
[3] §§ 812.135(1), (2), 775.087(1), (2)(a)3., Fla. Stat. (2005).
[4] The jury also found that Mr. Moore did not carry, use, display or threaten to use a firearm during the crime.
[5] Although Mr. Moore never objected to his conviction for this offense, the conviction of a nonexistent crime is fundamental error, which may be raised for the first time on appeal. Merritt v. State, 712 So.2d 384 (Fla. 1998); Barragan v. State, 957 So.2d 696, 697 (Fla. 5th DCA 2007); Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996) (holding that conviction of nonexistent crime is fundamental error mandating reversal even when error was invited by defendant, as by request for a jury instruction on a nonexistent offense). Furthermore, fundamental error can also exist when the trial court fails to properly instruct the jury on an element of a crime that is in dispute. State v. Delva, 575 So.2d 643, 644-45 (Fla. 1991).
[6] The trial court's jury instructions were also consistent with the 1996 version of the statute and equally flawed.