CONFESSION OF ERROR

ROTHENBERG, J.
J.J., a juvenile, appeals the trial court’s order finding him delinquent for attempted battery on a law enforcement officer and withholding adjudication. Upon the State’s proper confession of error, and on the binding authority of Merritt v. State, 712 So.2d 384, 385 (Fla.1998); J.S. v. State, 925 So.2d 438 (Fla. 5th DCA 2006); and Brown v. State, 798 So.2d 827 (Fla. 3d DCA 2001), we reverse and remand with instructions to vacate the order of delinquency for attempted battery on a law enforcement officer and to issue an order finding J.J. delinquent as to attempted battery, a second degree misdemeanor. Section 784.07(2), Florida Statutes (2011), is an enhancement statute which increases the penalties for certain enumerated crimes when the victim is a law enforcement officer. Because attempted battery is not one of the enumerated crimes, attempted battery on a law enforcement officer is a nonexistent offense.
Although we note that J. J. failed to raise this argument below and therefore failed to put the trial court on notice regarding the law on this issue, a conviction for a nonexistent offense is fundamental error, see State v. Klayman, 835 So.2d 248, 254 (Fla.2002), receded from on other grounds, State v. Barnum, 921 So.2d 513 (Fla.2005); Moore v. State, 924 So.2d 840, 841 (Fla. 4th DCA 2006), which may be raised for the first time on appeal, see Moore v. State, 982 So.2d 1205, 1206 (Fla. 5th DCA 2008).
Reversed and remanded with instructions.