MORRIS, Judge.
Jose Contreras-Garcia appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Contreras-Garcia did not waive his right to raise all collateral claims, we reverse the postconviction court’s order and remand for further proceedings.
In 2010, Contreras-Garcia was charged with lewd molestation on a child under twelve by a person over eighteen. The amended information states that the offense is a violation of section 800.04, Florida Statutes, and is a life felony. The judgment indicates that he entered a guilty plea to the purported lesser-included offense of “LEWD/LASC MOLES-TATN VICT UNDER 12, DEF OVER 18, a lesser[-]included offense.” The judgment states that the offense is a violation of section 800.04 and is a first-degree felony. Contreras-Garcia was sentenced to twelve years in prison followed by ten years’ probation and was designated a sexual predator.
On March 2, 2011, he filed a timely rule 3.850 motion raising the following claims: (1) his plea was involuntary because he thought he was pleading to a lesser-included second-degree felony, but the judgment and plea form lists the offense as a first-degree felony and there is no first-degree felony of lewd and lascivious molestation found in section 800.04, Florida Statutes (2009); therefore, he pleaded to a nonexistent crime; (2) his counsel was ineffective for allowing him to plead to a nonexistent crime; (3) his counsel was ineffective for failing to object when the prosecutor switched the first page of the plea form, which states that he was pleading to a first-degree felony; (4) he was improperly designated as a sexual predator because he was improperly convicted of a nonexistent first-degree felony and he would not qualify as a sexual predator if he had been properly convicted of a second-degree felony; (5) his conviction is the result of prose-cutorial misconduct when the State got him to agree to plead to a second-degree felony but then changed the plea form to indicate a first-degree felony; (6) his counsel was ineffective in failing to advise him that the charge should have been dismissed because the State failed to file charges within 175 days of his arrest; and (7) the trial court had no jurisdiction because the information was not filed within the required 175-day period.
The postconviction court summarily denied Contreras-Garcia’s rule 3.850 motion on the basis that he “waived his right to pursue any postconviction matters” as indicated by his signed plea form and the transcript of the plea hearing. The post-conviction court also found that the plea transcript showed that Contreras-Garcia did not object in court when trial counsel informed the court that he would be pleading to a first-degree felony. The postcon-viction court went on to note that because the State mentioned other instances of molestation by Contreras-Garcia against the *995 victim, it was unlikely that the State would have allowed him to plead to a second-degree felony.
A copy of the plea form attached to the postconviction court’s order indicates that Contreras-Garcia waived all collateral remedies, including rule 3.850. But the postconviction court improperly concluded that he waived his right to raise all the claims that he raised. “[A] defendant can waive his right to collaterally attack his judgment and sentence when the waiver is expressly stated in the plea agreement and he knowingly and voluntarily agrees to the waiver.” Stahl v. State, 972 So.2d 1013, 1015 (Fla. 2d DCA 2008) (citing Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.2005)). “However, ineffective assistance of counsel claims attacking the advice received from counsel in entering into the plea and waiver cannot be waived.” Id. (citing Nixon v. United States, No. CV206-071, 2006 WL 2850430, at *2 (S.D.Ga. Oct.3, 2006)). Here, Contreras-Garcia claimed that his plea was involuntary because he did not know that he was pleading to a nonexistent crime and that counsel was ineffective in this regard. He also claimed that counsel was ineffective in failing to advise him that the case should have been dismissed on the basis that the State did not file charges within 175 days of his arrest. Because these claims relate to the voluntariness of his plea and the effectiveness of counsel in advising him on the plea, the waiver of his right to seek collateral relief does not bar these claims and the postconviction court erred in not considering these claims on their merits. See id. at 1016 (holding that defendant who waived right to seek collateral relief as part of his plea could “move to withdraw his plea by alleging that it was not knowingly or voluntarily entered ’ or [by] alleging] that his counsel was ineffective for misadvising him to enter into the plea agreement”).
Turning now to the merits, we first address Contreras-Garcia’s claim that counsel failed to advise him that the charge should have been dismissed because the State failed to file the information within 175 days of his arrest. He claimed that counsel made an oral motion to dismiss on the day of trial but that when the parties agreed to a plea, the motion to dismiss was not ruled upon. Contreras-Garcia is correct that he would have been entitled to discharge and dismissal of the charge if the State did not file the information within 175 days of his arrest. See Fla. R.Crim. P. 3.191; State v. Naveira, 873 So.2d 300, 305 (Fla.2004) (“[T]he State may file a charging document at any time within the applicable speedy trial period_ [H]ow-ever, the State cannot charge the defendant after that [175-day] period expires. Essentially, then, the speedy trial deadline also acts as the deadline for charging the defendant.” (citing State v. Williams, 791 So.2d 1088 (Fla.2001))); Doctor v. State, 68 So.3d 335 (Fla. 1st DCA 2011) (holding that defendant should have been discharged when state did not file charges within 175 days of his arrest and noting that state is not entitled to recapture period when state has not filed charges within that 175-day period). The record before this court does not refute his claim that the charge was not filed within the 175-day period or his claim that counsel failed to properly advise him that the charge should have been dismissed. Accordingly, we reverse and remand for further proceedings on this issue.
Next, we address Contreras-Garcia’s claim that his plea was involuntary and based on ineffective assistance of counsel because he was convicted of a nonexistent crime. “It is a fundamental principle of Florida jurisprudence that one *996 cannot be convicted of a nonexistent crime.” Jordan v. State, 801 So.2d 1032, 1035 (Fla. 5th DCA 2001) (citing Achin v. State, 436 So.2d 30, 30 (Fla.1982)). This is true even when the defendant has been convicted of the crime as part of a plea agreement. Id.
The record indicates that both the State and the defense were under a mistaken belief that there is a first-degree felony-offense of lewd and lascivious molestation. The plea form indicates that Contreras-Garcia ultimately agreed to plead guilty to the lesser offense of “(FI) lewd molestation.” [1] The judgment also lists the offense as “LEWD/LASC MOLESTATN VICT UNDER 12, DEF OVER 10, a lesser[-] included offense.” The judgment identifies the degree as “FI.” The offense in this case was alleged to have occurred on September 26, 2009. Under the 2009 version of section 800.04, Florida Statutes, the offense of lewd and lascivious molestation of a child under twelve by a person over eighteen is a life felony. § 800.04(5)(b). The other types of lewd and lascivious molestation listed in the statute are second- and third-degree felonies. § 800.04(5)(c)(l)-(2), (d). Therefore, there is no first-degree felony lewd and lascivious molestation. Furthermore, the other types of prohibited conduct in section 800.04 are either second- or third-degree felonies. § 800.04(4) (lewd and lascivious battery), (6) (lewd and lascivious conduct), & (7) (lewd and lascivious exhibition). Therefore, Contreras-Garcia was convicted of a nonexistent offense. The transcript of the plea hearing indicates that he understood he was pleading to a first-degree felony, but it does not refute his claim that he was unaware that there is no such first-degree felony.
Accordingly, we reverse the postconviction court’s order of denial and remand for an evidentiary hearing on these narrow issues. If the court determines that there is merit to his claim that counsel was ineffective in failing to inform him that the charge should have been dismissed, he would be entitled to withdraw his plea and have the charge dismissed. But if there is no merit to his claim that the charge should have been dismissed, the postcon-viction court shall determine whether Contreras-Garcia’s plea was involuntary based on counsel’s misadvice regarding the nonexistent first-degree felony. If the court determines that his plea was involuntary on this basis, Contreras-Garcia may withdraw his plea. We warn him that if he were to choose to do so, the State would be able to proceed on the original life felony charge and would not be required to negotiate a plea agreement on any lesser-included offense.[2]
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.

. There may have been an earlier discussion about pleading to a lesser-included second-degree felony; Contreras-Garcia submitted a copy of a plea form that is difficult to decipher based on the quality of the copy, but it appears to contain the phrase "lewd molestation (F2)."

. We also point out that even though Contreras-Garcia argued that he would not qualify as a sexual predator if he was convicted of a second-degree felony under section 800.04, see § 775.21(4)(a)(l), Fla. Stat. (2009), a defendant may agree to be designated as a sexual predator as a bargained-for part of a plea agreement, even if his conviction does not qualify for such designation under the statute. See Kingry v. State, 28 So.3d 173, 174 (Fla. 1st DCA 2010).