WALLIS, J.
Stephen Crooms (“Appellant”) appeals his conviction and sentence for three counts of aggravated battery (Counts I, II, and III) and possession of a controlled substance (Count IV). Appellant, argues the trial court committed fundamental error by accepting his plea of nolo contende-re to Count IV. Finding that Count IV charged Appellant with a nonexistent crime, we reverse and remand with instructions to vacate Appellant’s conviction and sentence as to Count IV, and affirm Appellant’s remaining issues without prejudice.
The State charged Appellant with possession of a controlled substance,-Tramadol, citing section 893.13(6)(a), Florida Statutes (2015). . Section 893.13(6)(a) provides:
A person may not' be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained .except as otherwise authorized by this chapter. A person who violates this provision commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 893.03, Florida Statutes (2015), contains an exhaustive list of controlled substances, organized into one of five schedules. Tramadol is not listed as a controlled substance in section 893.03, and thus its possession does not violate section 893.13(6)(a). Although Appellant did not raise this issue below, “this court has consistently held that conviction of a nonexistent crime is fundamental error that may be raised for the first time on appeal.” Jordan v. State, 801 So.2d 1032, 1034 (Fla. 5th DCA 2001) (citing Mundell v. State, 739 So.2d 1201 (Fla. 5th DCA 1999); Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987)).
Appellant also raises ■ challenges to the voluntariness of his plea and the special conditions of his probation. We find that these challenges are not cognizable on direct appeal, but rather are more appropriately addressed as the subject of a motion under Florida Rule of Criminal Procedure 3.850. See Brannon v. State, 850 So.2d 452, 456 (Fla.2003); Gafford v. State, 783 So.2d 1191, 1192 (Fla. 1st DCA 2001). We affirm without prejudice to Appellant’s right to raise these issues through a timely, facially sufficient Rule 3.850 motion.
AFFIRMED in PART; REVERSED in PART; ! REMANDED with INSTRUCTIONS. '
LAMBERT and EDWARDS, JJ., concur.